**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND AGRICULTURAL AND MECHANICAL COLLEGE et al., Appellants,**

v.

**Alexander P. TUREAUD, Jr., a Minor, by Alexander P. Tureaud, Sr., his father and next friend, Appellee.**

No. 15540.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1956.

W. Scott Wilkinson, Shreveport, La., L. H. Perez, New Orleans, La., L. W. Brooks, C. V. Porter, J. R. Fuller, Baton Rouge, La., Fred S. Le Blanc, Atty. Gen. of La., W. C. Perrault, First Asst. Atty. Gen., J. Clyde Pearce, Asst. Atty. Gen., J. H. Tucker, Jr., Fred Blanche, Baton Rouge, La., Arthur O'Quin, Shreveport, La., Victor A. Sachse, Baton Rouge, La., R. B. Sadler, Jr., Alexandria, La., C. C. Bird, Jr., Baton Rouge, La., H. C. Sevier, Tallulah, La., A. J. Shepard, Jr., Lake Charles, La., Grove Stafford, Alexandria, La., Oliver Stockwell, Lake Charles, La., Wood H. Thompson, Monroe, La., Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, La., Wilkinson, Lewis & Wilkinson, Shreveport, La., of counsel, for appellants.

Robert L. Carter, New York City, A. P. Tureaud, New Orleans, La., U. S. Tate, Dallas, Tex., Thurgood Marshall, New York City, for appellee.

Before HUTCHESON, Chief Judge, and BORAH, RIVES, TUTTLE, CAMERON, JONES and BROWN, Circuit Judges.

PER CURIAM.

On August 23, 1955, a division of this court composed of Judges Rives and Cameron, Circuit Judges, and Dawkins, District Judge, Judge Cameron dissenting, affirmed the order of the district court entered March 30, 1955,[1] reinstating the preliminary injunction theretofore issued on Sept. 11, 1953.

Upon appellant's petition for rehearing, however, the court, on October 26th, Judge Rives dissenting, entered an order[2] 5 Cir., 226 F.2d 714, granting a rehearing and setting aside the August 23rd order, 5 Cir., 225 F.2d 434.

---

1. "This cause came on at a former day to be heard on the motion of the plaintiff to reinstate the preliminary injunction issued herein on Sept. 11, 1953, and was argued by counsel for the respective parties and submitted, when the Court took time to consider;

"Now, on due consideration thereof;

"It is ordered by the Court that the motion of the plaintiff to reinstate the preliminary injunction issued herein on Sept. 11, 1953 be, and the same is hereby, granted."

2. "It is ordered by the Court that the petition for rehearing filed by appellants in this cause on September 21, 1955, be, and the same is hereby granted;

"It is further ordered that the judgment of this court, entered on August 23, 1955, whereby the judgment of the United States District Court for the Eastern District of Louisiana was affirmed, be and the same is hereby, set aside."

"Per Curiam".
"Rives, Circuit Judge, Dissenting."
"Cameron, Circuit Judge, Specially concurring."
Dated Oct. 26, 1955.

On November 8, 1955, the full court ordered that "The cause be, and it is hereby, submitted to the court en banc, on the record and briefs now on file and such additional briefs as may be filed, without oral argument".

Thereafter, the parties having filed supplemental briefs and the court, having become fully advised in the premises, has concluded: that, for the reasons stated in the majority and concurring opinions of the court dated August 23, 1955,[3] the court correctly decided that the order appealed from should be affirmed, and that for the same reasons the majority, in its opinion and order of October 26, 1955, setting aside the order of affirmance, erred.

The order of October 26, 1955 is, therefore, vacated and set aside, and the order of August 23, 1955, is hereby and herewith reinstated and made the judgment of this court, and the cause is remanded to the district court for further and not inconsistent proceedings including its disposition on the merits.

CAMERON, Circuit Judge (dissenting).

The supplemental briefs filed by attorneys for the litigants upon the rehearing before the Court en banc have revealed that the case has become moot and should be dismissed. Appellee, Alexander Pierre Tureaud, Jr., asked for and obtained in the District Court an order enjoining appellants, "from refusing on account of race or color to admit the plaintiff * * * to the Junior Division of Louisiana State University and Agricultural and Mechanical College *for the purpose of pursuing the combined arts and sciences and law course offered by that university*". [Emphasis supplied.] This order was entered September 11, 1953, and the one now before us for review entered March 30, 1955 merely reinstated it.

The unchallenged showing now made before us is that appellee made written application for admission to L.S.U. for the summer session beginning June 6, 1955 to pursue work leading to a *major in education*. The registrar advised him that the court order limited his enrollment to the combination Liberal Arts-Law curriculum. At the beginning of the fall semester, 1955, appellee, accompanied by his father and next friend, went back to L.S.U. and the registrar and the dean of the College of Arts and Sciences worked out for him a program of studies in this curriculum. Appellee was advised that the order of court under which he was seeking admission did not admit him to undergraduate work in the College of Education. He and his father departed, taking entrance application blanks with them, and promising to advise within a day or two whether appellee would enroll in the Liberal Arts-Law course as covered by the injunction. But they did not return. Appellee instead enrolled in the College of Education in Xavier University and has remained there during the entire interim. It being uncontroverted that appellee has not sought to enforce or bring himself within the order of the District Court now before us but has abandoned it, the controversy before us is moot and without substance.

This being true, we have no choice but to reverse the judgment of the District Court and remand the case for dismissal. The rule has been firmly established by the Supreme Court in a long line of cases and is thus stated in United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 39–40, 71 S.Ct. 104, 106, 95 L.Ed. 36, citing more than a score of its former decisions:

"The established practice of the Court in dealing with a civil case from a court in the federal system which has become moot while on its

3. Bd. of Supervisors of Louisiana State University and Agricultural and Mechanical College, et al. v. Alexander P. Tu- reaud, Jr., a Minor by Alexander P. Tureaud, Sr., his father and next friend, 225 F.2d 434–435 and 446–447.

way here or pending our decision on the merits is to reverse or vacate the judgment below and remand with a direction to dismiss. That was said in Duke Power Co. v. Greenwood County, 299 U.S. 259, 267, 57 S.Ct. 202, 205, 81 L.Ed. 178, to be the 'duty of the appellate court'. That procedure clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance. When that procedure is followed, the rights of all parties are preserved; * * *."[1]

Nor is our duty to reverse for dismissal of the complaint vitiated by appellee's efforts to clothe the proceeding with the trappings of a class action. It is true that appellee does allege in the complaint that he sues for all Negroes similarly situated, and almost every paragraph of the complaint repeats this thought. But nowhere is it stated in the complaint that there is a class whose situation is similar to that of appellee, and no effort is made to define that class, its number, its location, the points of similarity either in law or in fact between appellee's status and that of the class, or any of the details necessary to enable the Court to determine for itself whether there is truly a class and that the appellee fairly represents that class. In the opinion rendered by this Court in this case October 26, 1955, 226 F.2d 714, 719, we said:

"In this record, there is no proof to sustain the allegation that there are many others besides complainant, too numerous to make parties, having the identical status and possessing the necessary qualifications for admission to the same college and courses. Certainly there can be no such all-inclusive injunction covering all members of an alleged class without proof that the others desire to be so represented in substantial numbers or have requested plaintiff so to represent them. Such facts cannot be assumed. 3 Moore's Federal Practice, 3418, et seq.; Rule 23, Fed.Rules Civ.Proc.; Weeks v. Bareco Oil Co., 7 Cir., 125 F.2d 84."

Moore deals fully with this question in his treatise at the point referred to. The rule is well stated in these separated excerpts from 3 Moore's Federal Practice, pages 3422 and 3423:

"Neither the multiplicity of parties, nor the inexpediency nor the inconvenience of bringing parties before the court will, in themselves, justify the class suit; they are, however, matters which evidence impracticability. A reading of the cases convinces one that whether a number is so large that it would be impracticable to join all the parties is dependent not upon any arbitrary limit, but rather upon the circumstances surrounding the case; and *there must be a positive showing of* such circumstances. * * *

1. In Brownlow v. Schwartz, 1923, 261 U.S. 216, 218, 43 S.Ct. 263, 264, 67 L.Ed. 620, the court used language applying peculiarly here: "The case being moot, further proceedings upon the merits can neither be had here nor in the court of first instance. * * * Our action must, therefore, *dispose of the case, not merely* of the appellate proceeding which brought it here. The practice now established by this court, under similar conditions and circumstances, is to reverse the judgment below and remand the case with directions to dismiss the bill * * *."

In United States v. Anchor Coal Co., and companion cases, 1928, 279 U.S. 812, 49 S.Ct. 262, 73 L.Ed. 971, the Supreme Court said very much the same thing: "To dismiss the appeals would leave the injunction in force, at least apparently so, notwithstanding that the basis therefor has disappeared. Our action must, therefore, dispose of the cause, not merely of the appellate proceedings which brought it here. The practice now established by this Court under similar conditions and circumstances is to reverse the decree below and remand the cause with directions to dismiss the bill."

*"An action, of course, is not a class suit merely because it is designated as such in the pleading;* whether it is or not depends upon the attending facts. But the complaint \* \* \* should allege the existence of the necessary facts \* \* \*."[2] [Emphasis added.]

Appellee's right to proceed as representative of others in a class action was challenged by appellant and, as stated in the above quotation, no evidence was offered to sustain even the inadequate averments of the complaint. Those averments standing alone were insufficient to make out even a prima facie showing of appellee's right to represent the supposed class,[3] and in the absence of evidence there was nothing on which the Court below could base a holding that the class action was proper.

The wisdom of the rule limiting class actions to those in which the pleadings and the proof point out the members of the class, their location, the character of the common interest between the class and the litigant who essays to speak for it, and similar details, is well illustrated by this case. While no member of the class sought to intervene as a party or to give any testimony, the rights of the supposed class would, if this were a legitimate class action, be entitled to protection by this Court. At the present juncture of these proceedings, the appellee has no standing before the Court for the

reasons above set forth, and the case stands before us for decision, if at all, without the presence of any member of the class whose interests we would be bound to protect. That protection could be given only if the class is so clearly pointed out in the pleadings and the proof that this Court could, by proper notice, bring in some of its members to carry on the litigation if that course should be found desirable. There is nothing in this entire record which would enable us to proceed effectively or intelligently in vouchsafing that protection.

The cogent necessity of having the class so well defined that the Court can put its finger upon its members is further manifest when it is considered that an adverse judgment binds the members of a class as well as one which is favorable.[4] Suppose appellee had failed in his *efforts to obtain an injunction and later* a member of the supposed class should apply for admission to L.S.U. He would be cast in such position as to be met successfully with the plea that his rights had been adjudicated in the class action.

The case before us suggests still another test which condemns this effort as a class suit because of the impossibility of identifying or reaching any member of the class. Appellee limited his proof and his efforts at relief upon the first trial to a judgment requiring his admis-

2. In Hudson v. Newell, 5 Cir., 1949, 172 F.2d 848, we held that a suit would not succeed as a class action where the defendants were ninety-six in number. Cf. Hudson v. Gulf Refining Co., 202 Miss. 331, 30 So.2d 66 and 421, certiorari denied 322 U.S. 775, 68 S.Ct. 84, 92 L. Ed. 359.

3. "The pleadings must show that there are persons not before the court who have an interest in common with those who sue or defend, and why such other persons are not brought in as parties, and should disclose the relation to the subject matter of the suit of those who sue or defend for others as well as themselves in *such a way as to present for the determination of the court* the question whether the parties of record prop-

erly and adequately represent those who are not before the court. An allegation that the plaintiff brought suit in his own behalf and in behalf of all others similarly situated *does not, of itself, determine the character of the proceeding as a class suit \* \* \*."* [Emphasis added.] 39 Am.Jur., Parties, Sec. 53, pp. 926–927, citing cases from the Supreme Court. And this Court used almost identical language in its decision in McClelland v. Rose, 1918, 247 F. 721, 724.

4. Smith v. Swormstedt, 1853, 57 U.S. 288, 302, 14 L.Ed. 942, and Supreme Tribe of Ben-Hur v. Cauble, 1921, 255 U.S. 356, 363, et seq., 41 S.Ct. 338, 65 L.Ed. 673, and see generally 3 Moore's Federal Practice, pp. 3456 et seq.

sion to the Liberal Arts-Law Course. After the judgment had been reversed and brought before the District Court again, appellee asked merely for a reinstatement of that judgment. It has not been shown that any other person would be interested in that particular combination course. If the Court had been sufficiently advised by the pleadings and the evidence of the identity of the members of the class, others might have been brought in whose interests would have led to an attempt to broaden the scope of the order.[5]

Moreover, appellants are entitled to be protected in their dealings with members of the supposed class. They stand confronted with an order applying on its face to members of a class whose limits and personnel have no definition whatever. The law does not contemplate that a litigant shall be impaled upon an injunctive order of such broad and indefinite scope.[6]

The error committed by the Court below in failing to hear evidence on conditions "that now prevail", and in handling the motion to reinstate the injunctive order on the motion docket and proceeding with it summarily is further illustrated by the plain facts of this case. It is clear, for instance, that appellee's situation had changed since the case was first heard and that he had decided that he did not want to pursue the Liberal Arts-Law Course, but wanted rather to combine the liberal arts and education courses. Moreover, the Court below could not deal intelligently with the factors set up as criteria in the Segregation Cases, Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873,

and 349 U.S. 294, 75 S.Ct. 753, without knowing the membership and numbers of the class appellee essayed to represent. The "implementation decision" adjured the courts to consider the interests of the public and the schools, as well as the interests of the plaintiff. If it should have turned out that the class appellee claimed to represent was large enough, the facilities at L.S.U. might not have been sufficient to care for its members. In addition, it might, in such event, have appeared that the transfer of that class from Southern University to L.S.U. might have so depleted the ranks at the former institution as to require its closing, with all of the attendant losses and dislocations.[7]

Such considerations as these accentuate the failure of the Court below to have the hearing required by our order sending the case back for another trial: " * * * The judgment of the District Court is vacated and the case is remanded to that Court for consideration by the District Judge in the light of the Segregation Cases * * * and conditions that now prevail." The language of the Supreme Court in Duke Power Co. v. Greenwood County, 299 U.S. 259, 267–268, 57 S.Ct. 202, 205, 81 L.Ed. 178, furnishes a clear guide which should have been heeded by the Court below, the ignoring of which was fundamental error:

"Where it appears upon appeal that the controversy has become entirely moot, it is the duty of the appellate court to set aside the decree below and to remand the cause with directions to dismiss. * * * If it appears that supervening facts

5. All of this speculation is made necessary by the failure of appellee to observe legal requirements of pleading and proof.

6. The inability of appellant to identify from the complaint—there being no evidence—the persons to whom the injunction applies brings the order of the District Court within the condemnation of our decision in Federal Land Bank of Houston v. Miles, etc., Ass'n, 1943, 139 F.2d 422, 423, 150 A.L.R. 1402, referring to 43 C.J.S., Injunctions, § 206(b),

pp. 932–933, which rejects the validity of injunctions whose language is not clear, certain, guarded and definite. See also Milk Wagon Drivers Union of Chicago v. Meadowmoor Dairies, 312 U.S. 287, 298, 61 S.Ct. 552, 132 A.L.R. 1200.

7. Cf. the decision of the Supreme Court of Florida in State ex rel. Hawkins v. Board of Control, etc., 1955, 83 So.2d 20, one of the Segregation Cases decided by the Supreme Court.

require a retrial in the light of a *changed situation,* the appropriate action of the appellate court is to *vacate the decree which has been entered* and revest the court below with jurisdiction of the cause to the end that issues may be properly framed and the retrial had. \* \* \* That the cause may be properly heard and determined, we reverse the decree of the Circuit Court of Appeals and remand the cause with directions that the decrees entered by the District Court be vacated, that the parties be permitted to amend their pleadings in the light of the existing facts, and that the cause be retried upon the issues thus presented." [Emphasis supplied.]

That is precisely what the Supreme Court said to us and what we said to the District Court here.

Dismissal or compromise of a class action is forbidden without the approval of the court.[8] This rule applies obviously primarily to voluntary dismissals, it being patently for the protection of parties from settlement or collusive action by those assuming to act as their representatives.[9]

The quoted rule requires notice of the proposed dismissal to be given by the court with respect to *true class actions* covered by subsection (a) (1) of the rule, and leaves the matter of notice discretionary as to other types of class actions. The very requirement of notice demonstrates further the nonvalidity of the present proceeding as a class action. Under the nebulous averments of the complaint and the absence of proof in this record, it would not be possible for the Court to observe the provisions as to discretionary notice because the record does not disclose any person to whom notice might be given. At all events, there has been no effort at intervention by any member of the class, and it is apparent that the indefinite averments of the complaint rule out the possibility that any member of the supposed class could be located. There is, therefore, no impediment in the way of our doing what, under the facts of this record, we ought to do,—reverse the judgment of the lower Court and remand with instructions to dismiss the complaint. Because the majority is not persuaded to do this, I dissent.

This supplements the views expressed in my dissent filed herein on August 23, 1955, 225 F.2d 434, and those set forth in the per curiam opinion of this Court filed October 26, 1955. 226 F.2d 714. Those views are still valid and are adopted as a part of this dissent. They point out the further errors of the Court now repeated in the majority opinion and may be epitomized thus:

Our mandate which invested the Court below with jurisdiction to act admonished it to hear evidence and decide the case in the light of the Segregation Cases and "conditions that now prevail"; instead, the District Court ignored that mandate and summarily reinstated the judgment we had vacated, declining to admit evidence on those subjects.

The rules of procedure [10] gave the District Court authority to act on the motion to reinstate the *injunctive order* only if that motion stated, "with particularity the grounds therefor". That Court turned its back on these salutary requirements and sustained a motion

---

8. Rule 23(c), F.R.C.P., 28 U.S.C.A.:
   "Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. If the right is one defined in paragraphs (2) or (3) of subdivision (a) notice shall be given only if the court requires it."

9. Cf. Hutchinson v. Fidelity Inv. Ass'n, 4 Cir., 1929, 106 F.2d 431, 133 A.L.R. 1061, and Pelelas v. Caterpillar Tractor Co., 7 Cir., 1940, 113 F.2d 629. And see generally 3 Moore's Federal Practice, pp. 3549, et seq.

10. Rule 7(b) (1), F.R.C.P.

which set forth no grounds at all for the requested action.

The same rules provided [11] that, "No * * * preliminary injunction shall issue except upon the giving of security by the applicant"; but this appellee has never been required to give any security.

The same rules [12] required that the Court below, in granting the interlocutory injunction now before us, "set forth the findings of fact and conclusions of law which constitute the grounds of its action"; but this record contains no word of the Court below purporting to comply with this mandatory requirement.

Congress had forbidden the Court below [13] to act without the convening of a three-judge court by providing that, "An interlocutory * * * injunction * * * restraining the action of any officer of such State in the enforcement or execution of such statute * * * shall not be granted * * *"; but the Court below did issue the injunction in direct contravention of the congressional mandate without inquiring whether the facts ultimately relied upon by appellee would have brought the case under the interdiction of that statute.

It is significant that most of the provisions of our Bill of Rights deal with matters of procedure. "And in the development of our liberty insistence upon procedural regularity has been a large factor". Those were good words when they were used by Justices Brandeis and Holmes [14] and they are good words now. The observance of these procedural requirements was absolutely necessary if the facts upon which this case must be determined were to be developed and placed before this Court.

The Supreme Court bade us consider those facts and decide this case upon them. We ordered the District Court to develop those facts and consider them. The District Court did not do that and, in so failing, violated the procedural requirements enumerated. "Delusive interests of haste should not be permitted to obscure substantial requirements of orderly procedure. There is no exigency here which demands that these requirements should not be enforced."[15]

---

11. Rule 65(c), F.R.C.P.

12. Rule 52(a), F.R.C.P.

13. 28 U.S.C.A. § 2281 et seq.

14. Their dissent in Burdeau v. McDowell, 1921, 256 U.S. 465, 477, 41 S.Ct. 574, 576, 65 L.Ed. 1048.

15. Duke Power Co. v. Greenwood County, supra, 299 U.S. at page 268, 57 S.Ct. at page 206, 81 L.Ed. 178.