Dorothy E. **DAVIS** et al., Plaintiffs,

v.

COUNTY SCHOOL BOARD OF PRINCE EDWARD COUNTY, VIRGINIA, et al., Defendants.

Civ. A. No. 1333.

United States District Court E. D. Virginia, Richmond Division.

Argued July 9, 1956.

Decided July 17, 1956.

Oliver W. Hill, Spottswood W. Robinson, III, Richmond, Va., and Thurgood Marshall, New York City, for plaintiffs.

T. Justin Moore, Archibald G. Robinson, John W. Riely, T. Justin Moore, Jr., Hunton, Williams, Gay, Moore & Powell, Richmond, Va., J. Lindsay Almond, Jr., Atty. Gen., of Virginia and Henry T. Wickham, Sp. Asst. to the Atty. Gen., of Virginia, for defendants.

Before PARKER, Circuit Judge, and HUTCHESON and BRYAN, District Judges.

PARKER, Circuit Judge.

This action was commenced to enjoin racial segregation in the public schools of Prince Edward County, Virginia, on the ground that provisions of the state constitution and statutory code requiring such segregation were violative of the 14th Amendment to the Constitution of the United States and therefore void. A court of three judges was properly constituted, as required by 28 U.S.C. §§ 2281 and 2284, and judgment was entered denying the relief sought. See Davis v. County School Board of Prince Edward County, D.C., 103 F.Supp. 337. This judgment was reversed by the Supreme Court and the case was remanded for further proceedings. Brown v. Board of Education of Topeka, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; Id., 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083. On the remand the court of three judges entered a decree which vacated and set aside its original decree, declared invalid the constitutional and statutory provisions requiring segregation in the schools, and enjoined and restrained the

defendants from refusing on account of race or color to admit to any school under their supervision any child qualified to enter such school "from and after such time as the defendants may have made the necessary arrangements for admission of children to such school on a non-discriminatory basis with all deliberate speed as required by the decision of the Supreme Court in this cause". The court found that it would not be practicable to require that this provision be made effective before the commencement of the school term in September 1955; but the finality and binding force of the order was not otherwise affected. The case was retained on the docket for the entry of further orders which might be necessary in the enforcement of the decree.

The plaintiffs have filed a motion asking that the defendants be required to take steps looking to the completion of the desegregation process by September 1956 and to file interim reports showing what they are doing to that end. Due to the illness of the Circuit Judge originally designated to sit in the case, another Circuit Judge has been designated. Argument has been had on the suggestion from the court that the participation of three judges is no longer necessary and that the judges other than the judge before whom the case was originally brought should retire therefrom, since the questions of the validity of the state constitutional and statutory provisions have been settled, these provisions have been declared invalid and all that remains in the case is the enforcement of constitutional rights without reference to any state constitutional or statutory provision. We think it clear that this course should be taken.

The statute requires the constitution of the court of three judges only to hear the application for injunction to restrain the enforcement of a state statute upon the ground of its unconstitutionality. That statute, formerly section 266 of the Judicial Code, now 28 U.S.C. § 2281, is as follows:

"An interlocutory or permanent injunction restraining the enforce-ment, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

The history of this provision and the necessity of construing it strictly was succinctly stated by the Supreme Court, speaking through Mr. Justice Frankfurter, in Phillips v. United States, 312 U.S. 246, 248–251, 61 S.Ct. 480, 482, 85 L.Ed. 800, as follows:

"By § 266, which is set forth in the margin, Congress provided an exceptional procedure for a well-understood type of controversy. The legislation was designed to secure the public interest in 'a limited class of cases of special importance'. Ex parte Collins, 277 U.S. 565, 567, 48 S.Ct. 585, 72 L.Ed. 990. It is a matter of history that this procedural device was a means of protecting the increasing body of state legislation regulating economic enterprise from invalidation by a conventional suit in equity. While Congress thus sought to assure more weight and greater deliberation by not leaving the fate of such litigation to a single judge, it was no less mindful that the requirement of three judges, of whom one must be a Justice of this Court or a circuit judge, entails a serious drain upon the federal judicial system particularly in regions where, despite modern facilities, distance still plays an important part in the effective administration of justice. And all but the few great metropolitan areas are such regions. Moreover, inasmuch as this procedure also brings direct review of a district court to this

Court, any loose construction of the requirements of § 266 would defeat the purposes of Congress, as expressed by the Jurisdictional Act of February 13, 1925, to keep within narrow confines our appellate docket. Moore v. Fidelity & Deposit Co., 272 U.S. 317, 321, 47 S.Ct. 105, 71 L.Ed. 273. The history of 266 (see Pogue, State Determination of State Law, 41 Harv.L.Rev. 623, and Hutcheson, A Case for Three Judges, 47 Harv.L.Rev. 795), the narrowness of its original scope, the piece-meal explicit amendments which were made to it (see Act of March 4, 1913, 37 Stat. 1013, and Act of February 13, 1925, 43 Stat. 936, amending § 238 of the Judicial Code), the close construction given the section in obedience to Congressional policy (see, for instance, Moore v. Fidelity & Deposit Co., supra; Smith v. Wilson, 273 U.S. 388, 47 S.Ct. 385, 71 L.Ed. 699; Ex parte Collins, supra; Oklahoma Gas Co. v. Oklahoma Packing Co., 292 U.S. 386, 54 S.Ct. 732, 78 L.Ed. 1318; Ex parte Williams, 277 U.S. 267, 48 S.Ct. 523, 72 L.Ed. 877; Ex parte Public National Bank, 278 U.S. 101, 49 S.Ct. 43, 73 L.Ed. 202; Rorick v. Board of Com'rs, 307 U.S. 208, 59 S.Ct. 808, 83 L.Ed. 1242; Ex parte Bransford, 310 U.S. 354, 60 S.Ct. 947, 84 L.Ed. 1249, combine to reveal § 266 not as a measure of broad social policy to be construed with great liberality, but as an enactment technical in the strict sense of the term and to be applied as such.

"To bring this procedural device into play—to dislocate the normal operations of the system of lower federal courts and thereafter to come directly to this Court—requires a suit which seeks to interpose the Constitution against enforcement of a state policy, whether such policy is defined in a state constitution or in an ordinary statute or through the delegated legislation of an 'administrative board or commission'. The crux of the business is procedural protection against an improvident state-wide doom by a federal court of a state's legislative policy. This was the aim of Congress and this is the reconciling principle of the cases."

Even though the court is properly constituted under the statute, there is no occasion to continue the participation of the two extra judges after the question of the constitutionality of the statute and constitutional provision have been settled and these are no longer in the case. As said in Oklahoma Gas & Electric Co. v. Oklahoma Packing Co., 292 U.S. 386, 391–392, 54 S.Ct. 732, 734, 78 L.Ed. 1318, "When it becomes apparent that the plaintiff has no case for three judges, though they may have been properly convened, their action is no longer prescribed, and direct appeal here must fail as well in this case as where the plaintiff does not press his injunction, Smith v. Wilson, supra, or his constitutional attack". And in Ex parte Bransford, 310 U.S. 354, 361, 60 S.Ct. 947, 951, 84 L.Ed. 1249, it was said: "Jurisdiction, properly assumed, may be lost by the special court, when it appears that a prerequisite such as need for relief against state officers is lacking." Here the prerequisite lacking is need to have a state statute declared invalid, as that matter has been settled by the decision of the Supreme Court as well as by the order heretofore entered herein, which was a final order granting an injunction, from which no appeal has been taken.

Almost directly in point is the decision of the Supreme Court in Public Service Commission of Missouri v. Brashear Freight Lines, 312 U.S. 621, 61 S.Ct. 784, 786, 85 L.Ed. 1083. In that case a court of three judges heard an application for injunction to enjoin the enforcement of a state statute on the ground that it was unconstitutional. The injunction was denied, but there remained in the case the matter of awarding damages which had arisen out of the granting of a temporary restraining order which had been issued pending the hearing on the ap-

plication for the injunction. The Supreme Court held that it was error not to assess these damages in the pending suit, but that this should be done by the original District Judge acting alone, and that the two other judges designated to sit with him in the three-judge court should not participate in the decision. The court in a unanimous decision, speaking through Mr. Justice Black, said:

> "We are of opinion that the two judges called in under section 266 to assist the district judge in passing upon the application for injunction should not have participated in consideration of the motion to assess damages. The limited statutory duties of the specially constituted three judge District Court had been fully performed before the motion for assessment of damages was filed. For section 266 of the Judicial Code provides for a hearing by three judges, instead of one district judge, only in connection with adjudication of a very narrow type of controversy—applications for temporary and permanent injunctions restraining state officials from enforcing state laws or orders made pursuant thereto upon the ground that the state statutes are repugnant to the federal Constitution. The motion for damages raised questions not within the statutory purpose for which the two additional judges had been called. Those questions were therefore for the consideration of the District Court in the exercise of its ordinary jurisdiction, and the three judge requirement of section 266 had no application."

It is perfectly clear in this case that, with the unconstitutionality of the Virginia statute and constitutional provision definitely adjudicated, the questions raised by the subsequent motion "are not within the statutory purpose for which the two additional judges had been called". In such situation, the three-judge court should be dissolved and the two additional judges should retire from the case. Bush v. Orleans Parish School Board, D.C., 138 F.Supp. 336, mandamus denied by the Supreme Court 76 S.Ct. 854; Kelley v. Board of Education, D.C., 139 F.Supp. 578; Booker v. State of Tennessee Board of Education, 76 S.Ct. 856. In the cases cited, three-judge courts which had been constituted to hear school segregation cases were dissolved on the ground that no substantial question as to the constitutionality of the state statute remained after the decision of the Supreme Court holding statutes requiring segregation to be unconstitutional and invalid; and the Supreme Court denied applications for leave to file petitions for writs of mandamus requiring that they be heard before three-judge courts. See also Adams v. Lucy, 5 Cir., 228 F.2d 619, Id., certiorari denied 351 U.S. 931, 76 S.Ct. 790 (Necessity for three-judge court was pressed in application for certiorari). Board of Supervisors v. Tureaud, 5 Cir., 225 F.2d 434, Id., 226 F.2d 714, Id., 228 F.2d 895, Id., certiorari denied 351 U.S. 924, 76 S.Ct. 780.

The plaintiffs concede that since the decision of the Supreme Court in Brown v. Board of Education, supra, school segregation cases present no substantial question as to the validity of state statutes requiring segregation and that consequently three-judge courts are no longer required in such cases.* They contend, however, that because the court of three judges was originally proper in this case, it should continue to handle the case, although the presence of the two additional judges is not required for the

---

\* That a three-judge court is not required where the question as to the constitutional validity or invalidity is not substantial, see, in addition to the cases above cited, Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152; California Water Service Co. v. City of Redding, 304 U.S. 252, 254–255, 58 S.Ct. 865, 867, 82 L.Ed. 1323.

As said in the last case cited, "The lack of substantiality in a federal question may appear either because it is obviously without merit or because its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject."

decision of the matters remaining for decision, which are no more than the protection of the constitutional rights of the plaintiffs under the final decree heretofore entered pursuant to the Supreme Court's decision. For this they rely primarily upon a note in the Supreme Court's decision saying that the case is remanded to the three-judge court. We do not think that this note supports their position. The case was remanded to the three-judge court as a matter of course in order that that court might vacate the decree which it had theretofore entered and enter a decree in accordance with the decision of the Supreme Court. This was done and a final decree was entered declaring the state statute and constitutional provision invalid and granting the injunctive relief in accordance with the decision of the Supreme Court. The subsequent motions in the cause, relating to matters as to which the action of three judges is not necessary, should be referred to a single judge under the authority of the decision of the Supreme Court in Public Service Commission of Missouri v. Brashear Freight Lines, supra, 312 U. S. 621, 61 S.Ct. 784, 85 L.Ed. 1083.

Plaintiffs rely, also, upon Baltimore & Ohio R. Co. v. United States, 279 U.S. 781, 49 S.Ct. 492, 73 L.Ed. 954, but we do not regard that case as sustaining their position. It held merely that the three-judge court had the power and duty to enter a decree in accordance with the decision of the Supreme Court reversing its decree dismissing a suit brought to set aside an order of the Interstate Commerce Commission. The relief there involved was restitution of what had been lost as a result of the Commission order held void by the Supreme Court and was an essential part of the litigation committed by the statute to the three-judge court. Here there has been an adjudication of the questions for the decision of which the two additional judges were required, final decree has been entered and, as in the Brashear Lines case, supra, all that remains to be done is within the jurisdiction of a court composed of a single judge.

As heretofore stated, all that remains to be done in this case is to enforce the constitutional rights of plaintiffs. It is conceded that in cases of like character instituted since the Supreme Court's decision in Brown v. Board of Education, supra, the constitution of a three-judge court is not necessary. It is not reasonable to suppose that the Supreme Court intended in the case it was remanding that a court of three judges should be necessary to grant future relief that a single judge could grant in other cases. The case is not one of jurisdiction. Concededly the District Court has jurisdiction. The question is whether two judges in addition to the judge before whom the case was brought are required to sit with him in the District Court in the decision of the matters remaining in the case after the matters requiring their presence are no longer at issue. We think it clear that this question should be answered in the negative.

The judges other than Judge Hutcheson, before whom the case was originally brought, will accordingly retire from further participation in the case, and further proceedings therein will be had before Judge Hutcheson sitting alone. It is so ordered.