Maggie GARMON, Eleanor M. Fair, Alice Jackson, and Gloria Matthews, Petitioners,

v.

MIAMI TRANSIT COMPANY, Inc., a Florida Corporation, City of Miami, Florida, a Municipal Corporation, existing under the Laws of Florida, Randall N. Christmas, James W. High, Otis Shiver, George W. DuBreuil and Bryant E. Hearn, Sr., as Commissioners of the City of Miami, Florida, Defendants.

Civ. No. 7210-M.

United States District Court
S. D. Florida, Miami Division.

Jan. 4, 1957.

954

G. E. Graves, Jr., Miami, Fla., for plaintiffs.

Lee M. Worley, Worley Gautier & Dawes, Miami, Fla., for defendant Miami Transit Co.

George S. Okell, Sr., City Atty., Miami, Fla., for defendant City of Miami, Fla.

CHOATE, District Judge.

This cause having come on to be heard on the 3rd day of January, 1957, upon the motion to dismiss filed by the defendant Miami Transit Company on November 2, 1956, and upon the motions to dismiss (styled "Defensive Motions") filed by the defendant City of Miami, Florida, on November 2, 1956, and the Court having heard argument of counsel and being advised in the premises, the Court is of the opinion that the defendant Transit Company's motion to dismiss should be granted and the City's motions to dismiss should be denied.

On November 13, 1956, the United States Supreme Court affirmed the judgment of the United States District Court for the Middle District of Alabama in the case of Gayle v. Browder (reported below as Browder v. Gayle, D.C.M.D.Ala. 1956, 142 F.Supp. 707). The Supreme Court's affirmance, at 352 U.S. 903, 77 S.Ct. 145, 1 L.Ed.2d 114, reads as follows:

> "*Per Curiam.* The motion to affirm is granted and the judgment is affirmed. Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873; Mayor and City Council of Baltimore v. Dawson, 350 U.S. 877, 76 S.Ct. 133 [100 L.Ed. 774]; Holmes v. [City of] Atlanta, 350 U.S. 879, 76 S.Ct. 141 [100 L.Ed. 776]."

In its opinion at D.C., 142 F.Supp. 707, at page 717, the Three-Judge District Court held:

> " * * * We hold that the statutes and ordinances requiring segregation of the white and colored races on the motor buses of a common carrier of passengers in the City of Montgomery and its police jurisdiction violate the due process and equal protection of the law clauses of the Fourteenth Amendment to the Constitution of the United States * * *."

In his opening remarks counsel for the plaintiffs, Maggie Garmon and others, requested that this Court rule on the necessity of convening a Three-Judge Court pursuant to 28 U.S.C. § 2281 et seq. Though this matter has not been presented in a procedurally proper manner, this Court sitting alone would have the ultimate authority to determine, as it does now, that a Three-Judge Court need not be convened for the following reasons.

Counsel for the plaintiffs and for the defendant City of Miami are in agreement that the unconstitutional City Ordinances involved in the "Montgomery

Bus Case", Browder v. Gayle, supra, are in all substantial respects identical to the Miami City Ordinances in the case at bar and with the statute law involved. Because of the Supreme Court's decision in the "Montgomery Bus Case" there is no remaining substantial constitutional question in the present case, and, therefore, no necessity for the convening of a Three-Judge Court. See Board of Supervisors, etc., v. Tureaud, 5 Cir., 1956, 228 F.2d 895, certiorari denied 1956, 351 U.S. 924, 76 S.Ct. 780, 100 L. Ed. 1454; Id., 5 Cir., 1955, 226 F.2d 714; Id., 5 Cir., 1955, 225 F.2d 434 (special concurring opinion at 225 F.2d 446); Bush v. Orleans Parish School Board, D.C.E.D.La.1956, 138 F.Supp. 336; Davis v. County School Board of Prince Edward County, Va., D.C.E.D.Va.1956, 142 F.Supp. 616.

█ This Court is further of the opinion that this suit was improperly brought against the Miami Transit Company for the reason that the ultimate relief sought herein is a declaration of the constitutionality of certain ordinances and state laws and an injunction against the enforcement of those ordinances and laws. That type of relief can be granted only against the proper legal public authorities responsible for the enforcement of those ordinances. The decisions of the Supreme Court in civil rights cases of all types and kinds are directed to State (or City) officials acting in their official capacity and those decisions have not been directed to either private individuals or private business firms and indeed there is no constitutional prohibition affecting the freedom of private businesses to regulate their businesses within the law, nor is there any constitutional authority to impose upon them the burden to either enforce or not to enforce segregation in their private affairs.

For the above reasons, it is,

Ordered and adjudged that plaintiffs' oral request for the convening of a Three-Judge Court be and the same is hereby denied, and it is,

Further ordered and adjudged that the said motion to dismiss of the defendant Miami Transit Company be and the same is hereby granted, and it is,

Further ordered and adjudged that the said motions to dismiss of the defendant City of Miami (styled "Defensive Motions") be and the same are hereby denied and the defendant City of Miami is allowed ten days from the date of this order within which to answer or otherwise plead.