Bruce L. STOUT et al., Plaintiffs,

v.

Charles O. HENDRICKS, Secretary of State of State of Indiana, et al., Defendants.

Nelson G. GRILLS, Plaintiff,

v.

Matthew E. WELSH, Governor of Indiana, et al., as Members of the State Election Board, Defendants.

Nos. IP 61–C–236, IP 62–C–326.

United States District Court
S. D. Indiana,
Indianapolis Division.
April 24, 1964.

**614**

Robert D. Risch, Jerome M. Strauss, and John Wood, Indianapolis, Ind., for plaintiffs in Stout case.

Nelson Grills, Indianapolis, Ind., pro se.

Edwin K. Steers, Atty. Gen. of Indiana, Indianapolis, Ind., for defendants in both cases.

HOLDER, District Judge.

The three-judge court on November 8, 1963 granted a declaratory judgment to the plaintiffs.[1] By this trial court's judgment, we struck down the legislative districts created by Section 2 of Chapters 78 and 271 of the 1921 Acts of the Indiana General Assembly by declaring such Acts unconstitutional. Having determined the issue of constitutionality of the apportionment statutes of 1921, the function and jurisdiction of the three-judge court terminated and the cases reverted to the sole jurisdiction of the single judge to whom the cases had originally been assigned. There is no occasion to continue the participation of the two extra judges after the question of the constitutionality of the statutes had been settled. Davis et al. v. County School Board of Prince Edward County, Virginia et al., D.C., 142 F.Supp. 616. Thus the sole jurisdiction retained by this member of the court, the judge to whom the cases were assigned, was to enforce the injunctive relief granted on November 8, 1963 which was as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the named defendants in each of the consolidated actions, and the unnamed defendants in the Stout action, as members of the same class as those named in said action, all of whom are officials of the State of Indiana or of counties in the State of Indiana, and their successors in office, be and they are hereby restrained and enjoined from conducting under said 1921 apportionment statutes any election after the 1964 general election to be held in November, 1964."

The defendants filed a motion on March 6, 1964 seeking dismissal of the Stout action which takes precedence over all other pending matters. The defendants' motion to dismiss was filed after the plaintiff, Mr. Grills, filed an action on or about February 15, 1964 in one of the Superior Courts of Marion County, Indiana, contesting the constitutionality of Senate Bill 160 of the 93rd Indiana General Assembly; and also after the plaintiffs in the Stout case filed on February 20, 1964 their motion for permission to file a second supplemental complaint seeking to have the same Senate Bill 160 declared unconstitutional and effective *after the 1965 Regular Session of the 94th Indiana General Assembly to enjoin the 1966 election of legislators from districts created under such Senate Bill 160.* No relief was sought with respect to the 1964 election of legislators from districts created under such Senate Bill 160. The tendered supplemental complaint contains many legal conclusions and lacks the specificity of their original complaint and as required by the rules of civil procedure to the stating of a cause of action. However, plaintiffs label this pleading a supplemental complaint. (Supplemental to what action, is one of the questions presented by the defendants' motion to dismiss, since the court has already decided the issues and granted the declaratory relief sought in the original complaint.) This proposed supplemental complaint supplements nothing and in fact is an original action that must be commenced as a new action.

The Superior Court of Marion County, Room No. 3, in Cause No. S63–7713, in the case of State ex rel. Bogard v. Hen-

---

1. Stout, et al. v. Hendricks et al. and Grills v. Welsh et al., D.C., 228 F.Supp. 568.

dricks, determined on February 11, 1964 that Senate Enrolled Act 160 of the 93rd Indiana General Assembly became law without the signature of the Governor.[2] Senate Bill 160 was then published by the State of Indiana and is now included in the official publication of the laws of the 93rd Indiana General Assembly as Chapter 431 and which Act specifically repealed Chapters 78 and 271 of the 1921 Acts of the Indiana General Assembly (the same chapters held unconstitutional by this court on November 8, 1963). The 1964 primary and fall election calendars of the State of Indiana are underway and the legislative districts created by Chapter 431 in the Regular Session of the Indiana General Assembly concluded in March of 1963 are the basis of such elections.

There is a time when litigation commences and a time when it must end. The basis for retention of jurisdiction by this court after November 8, 1963 ended when Senate Bill 160 was declared to be the law and expressly repealed the 1921 Acts. It is my ruling that the action of Grills v. Welsh et al., IP 62–C–326, be and is hereby dismissed; and that the defendants' motion to dismiss the action of Stout et al. v. Hendricks et al., IP 61–C–236, is sustained and it be and is hereby dismissed.

Mr. Grills did not raise an issue as to the unconstitutionality of Senate Bill 160 in this court either in his original action, in which a judgment was rendered on November 8, 1963, or since by way of supplemental complaint. He is seeking relief in a state court.

The Stout case plaintiffs did not raise an issue as to the unconstitutionality of Senate Bill 160 in this court in their original action, in which a judgment was rendered on November 8, 1963. However, since Senate Bill 160 was declared law, the Stout case plaintiffs now seek to contest it by way of a motion for permission to file a supplemental complaint. If Senate Bill 160 is thought to be invalid and void for constitutional reasons, then the plaintiffs in the Stout case should commence an original action but only after careful preparation.

2. This Superior Court decision was based on authority of the February 10, 1964 decision of Hendricks v. State ex rel. Northwest Ind. Crime Comm. Inc., (—— Ind. ——,) 196 N.E.2d 66.