Bruce L. STOUT et al., Plaintiffs,

v.

Charles O. HENDRICKS, Secretary of State of the State of Indiana, et al., Defendants.

Nelson GRILLS, Plaintiff,

v.

Matthew E. WELSH, Governor of Indiana, et al., as Members of the State Election Board, Defendants.

Nos. IP 61-C-236, IP 62-C-326.

United States District Court
S. D. Indiana,
Indianapolis Division.

Nov. 4, 1964.

Robert D. Risch, Jerome M. Strauss, and John Wood, Indianapolis, Ind., for plaintiffs in Stout case.

Nelson Grills, Indianapolis, Ind., pro se.

Edwin K. Steers, Atty. Gen. of Indiana, Indianapolis, Ind., for defendants in both cases.

Before KILEY, Circuit Judge, and STECKLER and HOLDER, District Judges.

On April 24, 1964, the Honorable Cale J. Holder, one of the members of this three-judge court, tendered to the clerk for filing a "Separate Entry" purporting to dismiss each of these consolidated actions. Stout v. Hendricks, 228 F.Supp. 613 (S.D.Ind.1964). The entry states that by this trial court's judgment, the court struck down the legislative districts created by Section 2 of chapters 78 and 271 of the 1921 Acts of the Indiana General Assembly by declaring such acts unconstitutional. (Ind.Ann.Stat. §§ 34–102, 34–104 (Burns' Repl. 1949), hereinafter referred to as the 1921 apportionment statutes.) Having determined the issue of constitutionality of the 1921 apportionment statutes, Judge Holder concluded that the function and jurisdiction of the three-judge court reverted to him as the single judge to whom the cases originally had been assigned prior to the composition of the three-judge court. He thus reasoned that there was no occasion to continue the participation of the two other judges in the three-judge panel after the question of the constitutionality of the statutes had been settled, citing Davis v. County School Board of Prince Edward County, Virginia, 142 F. Supp. 616 (E.D.Virginia 1956). Judge Holder further concluded that the sole jurisdiction retained by him as a single judge was to enforce the injunctive relief granted in the court's injunctive order of November 8, 1963, enjoining the defendants from conducting under the 1921 apportionment statutes, any election after the 1964 general election to be held in November 1964. Stout v. Hendricks, 228 F.Supp. 568 (S.D.Ind. 1964).

Title 28 U.S.C. § 2284, the so-called three-judge court statute under which this three-judge panel was constituted, provides that a single judge shall not dismiss a three-judge court action, and it further provides that the action of a single judge shall be reviewable "by the full court at any time before final hearing." [1]

At the time Judge Holder tendered to the clerk for filing as a separate entry the dismissal order, there had been no final hearing on all of the relief being sought in these consolidated actions.

Had the plaintiffs been seeking merely a declaratory judgment declaring the 1921 apportionment statutes to be unconstitutional, and the injunctive order, and nothing more, then this litigation would have been put to an end by our declaratory judgment and injunctive decree of November 8, 1963; but here, in each of the cases, the plaintiffs were, and still are, complaining of their right of suffrage being denied by the debasement or dilution of their votes for senators and representatives in the Indiana General Assembly in violation of the Equal Protection Clause as a result of the failure to apportion such senators and representatives among the counties of the state as required by the Indiana Constitution.

By the decision of November 8, 1963, 228 F.Supp. 568, the court found and declared that the 1921 apportionment statutes were invidiously discriminatory in violation of the plaintiffs' rights under the Fourteenth Amendment of the Constitution of the United States, and were

---

1. "§ 2284. Three-judge district court; composition; procedure * * *

"(5) Any one of the three judges of the court may perform all functions, conduct all proceedings except the trial, and enter all orders required or permitted by the rules of civil procedure. A single judge shall not appoint a master or order a reference, or hear and determine any application for an interlocutory injunction or motion to vacate the same, or dismiss the action, or enter a summary or final judgment. The action of a single judge shall be reviewable by the full court at any time before final hearing. * * * "

unconstitutional and void. Having found the 1921 apportionment statutes to be unconstitutional and the plaintiffs entitled to injunctive relief, the court in its majority opinion expressed the opinion that the injunctive relief to be granted should be made effective after the November 1964 election, and that "any court-established reapportionment of the State of Indiana should be dependent upon failure of the General Assembly elected by the people in 1964 to enact *appropriate* reapportionment legislation in the 1965 General Session." [Emphasis added.] By its injunctive decree the court enjoined the defendants from conducting any election under the 1921 apportionment statutes after the 1964 general election to be held in November 1964. At the time of that decision the court reserved judgment "upon all other relief prayed by plaintiffs," and ordered the cases "reopened for the purpose of receiving additional recommendations from the parties hereto with respect to the further relief to be granted herein." By its order the court specifically reserved jurisdiction in these consolidated causes "to grant such further relief as may from time to time be deemed appropriate."

At the time of Judge Holder's tender of the separate dismissal order there were unresolved matters pending before the court. One of these was the motion in the Stout case for permission to file a second supplemental complaint seeking to have Senate Bill 160, under which the 94th General Assembly is apportioned among the various counties, declared unconstitutional.

At the time of our judgment of November 8, 1963, Senate Bill 160, under which the 1964 general election is to be held, and under which the 1964 primary election has been held, was regarded as having been vetoed. The State Supreme Court later ruled otherwise, but it did not pass on the question of the constitutionality of Senate Bill 160. That issue is unresolved by any court.

Notwithstanding Judge Holder's conclusion that the function and jurisdiction of the three-judge court terminated when the court determined the issue of the constitutionality of the 1921 apportionment statutes, in view of the nature of the relief sought by the plaintiffs—the protection of their civil rights and equal protection of the laws under the Fourteenth Amendment—we conclude that we still have jurisdiction in these cases as members of a three-judge court. In this sensitive area of litigation —reapportionment litigation—we are convinced that three-judge jurisdiction subsists through the remedy—the remedy that is sought—and until it is finally granted or denied.

It is therefore ordered that the purported order of dismissal in these consolidated cases be vacated and set aside so far as it may have been construed to have effected a dismissal of these cases.

It is also ordered that leave to file additional briefs is hereby granted. As to the motion in the Stout case for permission to file a second supplemental complaint, plaintiffs therein shall have until November 16, 1964, within which to file a supplemental brief in support of their said motion; defendants therein shall have fifteen (15) days thereafter in which to file answer briefs in opposition thereto, and plaintiffs in said case shall have ten (10) days from the expiration of said fifteen (15) days within which to file their reply brief. As to the motion to dismiss, the defendants shall have until November 16, 1964, within which to file supplemental briefs in support of their motion to dismiss; plaintiffs shall have fifteen (15) days thereafter in which to file answer briefs in opposition thereto, and defendants shall have ten (10) days from the expiration of said fifteen (15) days within which to file their reply briefs.

It is so ordered.

District Judge HOLDER does not join in this order.