**Richard BAKSALARY, et al.**

**v.**

**Paul J. SMITH, et al.**

**In re Paul L. SABATINE**

**v.**

**CITY OF ERIE and Bureau of Workers' Compensation.**

**Civ. A. No. 76–0429.**

United States District Court,
E.D. Pennsylvania.

April 1, 1988.

Harold Goodman, Philadelphia, Pa., for plaintiffs.

Michael Fetzner, Erie, Pa., for City of Erie.

Carl Vaccaro, Philadelphia, Pa., for Bureau of Workers' Compensation.

Before SLOVITER, CLIFFORD SCOTT GREEN and LOUIS H. POLLACK, District Judges.

### MEMORANDUM/ORDER

There are currently two motions pending in this case: (1) Plaintiff's Motion for a Civil Contempt Citation and Other Relief Against Class Defendant City of Erie; and (2) Motion of Plaintiffs and Bureau of Workers' Compensation for Approval of Settlement Agreement.[1] The motions seek

---

**1.** There is an additional motion filed by the City of Erie seeking summary judgment against plaintiff, but the parties are in agreement that resolution of plaintiff's motion for contempt will render moot the motion for summary judgment.

to enforce the judgment of the three-judge panel in *Baksalary v. Smith*, 579 F.Supp. 218 (E.D.Pa.1984), invalidating Section 413 of the Pennsylvania Worker's Compensation Act, Pa.Stat.Ann. tit. 77, § 774, as violative of the Fourteenth Amendment of the United States Constitution. Prior to proceeding to resolve these motions, however, we address here the question whether they should be adjudicated by this three-judge panel, or by a single judge. The question whether one judge can or must resolve the pending motions is appropriately decided by the three-judge panel. *See Davis v. County School Bd. of Prince Edward County*, 142 F.Supp. 616, 618–19 (E.D.Va.1956).

Paul L. Sabatine, a member of the plaintiff class, takes the position in his motion for a civil contempt citation that the matters now before the court in the current, enforcement phase of this litigation are not within the narrow category of matters requiring adjudication by three judges under 28 U.S.C. § 2281 (repealed).[2] In plaintiff Sabatine's view, it would therefore be inappropriate for the panel to adjudicate the pending motions. By Order dated December 16, 1987, we sought submissions from the City of Erie and the Bureau of Workers' Compensation setting forth their respective positions on the issue raised in plaintiff's brief regarding the propriety of a single judge adjudicating the pending motions. Both the City and the Bureau share the view that the motions may be resolved by either a single judge or a panel of three judges, but both consent to adjudication by a single judge. Their view is therefore in contrast to plaintiff's position insofar as plaintiff takes the view that it would be error for three judges to adjudicate the motions.

Title 28, Section 2281 (repealed) of the United States Code provided as follows:

An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application thereof is heard and determined by a district court of three judges under section 2284 of this title.

Section 2281 thus required that a panel of three judges adjudicate plaintiffs' constitutional challenge to section 413 of the Workers' Compensation Act.

Because the dispute that necessitated the convening of a three-judge panel has been resolved by the entry of a final decree invalidating the unconstitutional portion of the state statute, however, the remaining issues are appropriate for resolution by a single judge. *See Public Service Commission v. Brashear Freight Lines*, 312 U.S. 621, 625, 61 S.Ct. 784, 786, 85 L.Ed. 1083 (1941), *Phillips v. United States*, 312 U.S. 246, 250–53, 61 S.Ct. 480, 483–84, 85 L.Ed. 800 (1941) [3]; *Davis*, 142 F.Supp. 616. The state statutory provision that was subject to constitutional challenge has been invalidated and severed from the remainder of the Workers' Compensation Act, so there is no longer any issue before us that is of the type that the statute designates as requiring decision by a panel of three judges. The pending motions do not raise anew the question whether any provision of state law is unconstitutional, but rather deal with whether members of defendant class have complied with their constitutional obligations as outlined in the three-judge panel's opinion on the merits. *Cf. Phillips v. United States*, 312 U.S. 246, 61 S.Ct. 480 (holding that three-judge panel is inappropriate where plaintiff has challenged as

---

**2.** Section 2281 of Title 28 was repealed on August 12, 1976, Pub.L. 94–381, 90 Stat. 1119 (1976), but because this case was filed February 17, 1976 when section 2281 was in effect, the section's requirements still apply to this case. *See Cabell v. Chavez–Salido,* 454 U.S. 432, 435 n. 5, 102 S.Ct. 735, 737 n. 5, 70 L.Ed.2d 677 (1982).

**3.** *Brashear* and *Phillips* were decided under the predecessor provision to § 2281, which was codified at 28 U.S.C. § 380.

unauthorized governor's actions declaring martial law, but has not challenged the constitutionality of the statute upon which the governor relied). As the *Davis* court observed, where "all that remains to be done ... is to enforce the constitutional rights of plaintiffs," three judges are no longer necessary, and the case should proceed before a single judge. *Davis* 142 F.Supp. at 620. *Cf. Hamilton v. Nakai,* 453 F.2d 152, 160–61 (9th Cir.1972) (holding that single judge can issue process to enforce the judgment of three-judge court convened pursuant to statute providing for three-judge court to adjudicate Indian land claims).

Even if we were inclined to continue as a panel to consider the pending motion, we do not appear to have authority under § 2281 to do so. Justice Black, writing for a unanimous Court in *Brashear,* explained that once the constitutional question before the three-judge panel in that case had been decided, it was inappropriate for the panel to have continued to sit on the case. *See* 312 U.S. at 625–26, 61 S.Ct. at 786–87. In *Brashear,* the court of appeals had held that, although resolution of defendant's motion for damages and costs by a three-judge panel was not required once the panel had rejected plaintiff's constitutional challenge to the Missouri Bus and Truck Law, adjudication by three judges also was not inappropriate. The Supreme Court, however, held that:

> the two judges called in under section 266 to assist the district judge in passing upon the application for injunction should not have participated in consideration of the motion to assess damages. The limited statutory duties of the specially constituted three judge District Court had been fully performed before the motion for assessment of damages was filed. For section 266 of the Judicial Code provides for a hearing by three judges, instead of one district judge, only in connection with adjudication of a very narrow type of controversy—applications for temporary and permanent injunctions restraining state officials from enforcing state laws or orders made pursuant thereto upon the ground that the state

> statutes are repugnant to the federal Constitution. The motion for damages raised questions not within the statutory purpose for which the two additional judges had been called. Those questions were therefore for the consideration of the District Court in the exercise of its ordinary jurisdiction, and the three judge requirement of section 266 had no application.

*Id.* at 625, 61 S.Ct. at 786–87 (footnotes omitted).

For the foregoing reasons, Judges Sloviter and Green shall no longer participate in the case, and further proceedings shall be conducted before Judge Pollak sitting alone.