**Earl Benjamin BUSH et al., Plaintiffs,**

v.

**ORLEANS PARISH SCHOOL BOARD et al., Defendants.**

**Civ. A. No. 3630.**

United States District Court
E. D. Louisiana,
New Orleans Division.

Feb. 15, 1956.

A. P. Tureaud, New Orleans, La., Robert L. Carter, New York City, A. M. Trudeau, Jr., New Orleans, La., Thurgood Marshall, New York City, for plaintiffs.

Browne & Rault, Gerard A. Rault, New Orleans, La., W. Scott Wilkinson, Shreveport, La., Fred S. LeBlanc, Baton Rouge, La., L. H. Perez, New Orleans, La., for defendants.

Before BORAH, Circuit Judge, CHRISTENBERRY, Chief Judge, and J. SKELLY WRIGHT, District Judge.

PER CURIAM.

This class action is brought in behalf of minor children of the Negro race by their parents, guardians or next friends, seeking the aid of the court in obtaining admission to the public schools of Orleans Parish on a nonsegregated basis. The complaint alleges the children have been denied admission to schools attended by white children under Article 12, § 1 of the Constitution of Louisiana, LSA–Const., and Louisiana Acts 555 and 556 of 1954, LSA–R.S. 17:331 et seq., 17:81.1

and note, requiring segregation of the races in public elementary and high schools of the state.

The Supreme Court of the United States in Brown v. Board of Education, 349 U.S. 294, 75 S.Ct. 753, 755, 99 L.Ed. 1083, in dealing with this identical situation with reference to the states of Kansas, South Carolina, Virginia and Delaware, wrote as follows: "These cases were decided on May 17, 1954. The opinions of that date, declaring the fundamental principle that racial discrimination in public education is unconstitutional, are incorporated herein by reference.[1] All provisions of federal, state, or local law requiring or permitting such discrimination must yield to this principle." In so far as the provisions of the Louisiana Constitution and statutes in suit require or permit segregation of the races in public schools,[2] they are invalid under the ruling of the Supreme Court in Brown.

This three-judge court was convened under 28 U.S.C. § 2281 pursuant to the requests of the parties. It now appears that no serious constitutional question, not heretofore decided by the Supreme Court of the United States, is presented. Accordingly, a three-judge court under 28 U.S.C. § 2281 is not required. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. The two judges designated by the Chief Judge of the Circuit to sit with the district judge in the hearing and decision of this case now withdraw from the case, which will proceed in the district court where it was originally filed. See Gray v. Board of Trustees of University of Tennessee, D.C., 100 F.Supp. 113, 116; Lee v. Roseberry, D.C., 94 F.Supp. 324, 328.

1. The first opinion in Brown, in which the constitutional issue was decided, held: "Therefore, we hold that the plaintiffs and others similarly situated for whom the actions have been brought are, by reason of the segregation complained of, deprived of the equal protection of the laws guaranteed by the Fourteenth Amendment." 347 U.S. 483, 495, 74 S.Ct. 686, 692, 98 L.Ed. 873.

2. Article 12, § 1 of the Louisiana Constitution and Act 555 of 1954 require segregation "in the exercise of the State police power." This provision does not save them from invalidity. See Dawson v. Mayor & City Council of Baltimore City, 4 Cir., 220 F.2d 386, affirmed 350 U.S. 877, 76 S.Ct. 133.