243 F.2d 361
 John AARON, a Minor, and Thelma Aaron, a Minor, by Their
Mother and Next Friend, (Mrs.) Thelma Aaron, a
Feme Sole, et al., Appellants,
v.
William G. COOPER, M.D., as President of Board of Trustees,
Little Rock Independent School District, et al., Appellees.
 No. 15675.
 United States Court of Appeals Eighth Circuit.
 April 26, 1957.
 
 Wiley A. Branton, Pine Bluff, Ark., and Robert L. Carter, New York City (U.S. Tate, Dallas, Tex., and Thurgood Marshall, New York City, on the brief), for appellants.
 Leon B. Catlett and A. F. House, Little Rock, Ark. (Richard C. Butler, Frank E. Chowning and Henry Spitzberg, Little Rock, Ark., on the brief), for appellees.
 Before WOODROUGH, VOGEL and VAN OOSTERHOUT, Circuit Judges.
 VOGEL, Circuit Judge.
 
 
 1
 Appellants are Negro children attending the public schools of Little Rock, Arkansas. They brought this action in their own behalf and in behalf of all other Negro minors similarly situated. Appellees are the Little Rock School District, a corporation, the president and secretary of its board, and the superintendent of public schools for Little Rock. On February 8, 1956, appellants filed a complaint in the United States District Court, Eastern District of Arkansas, Western Division, asking that the court define their legal rights and that an injunction be issued against continued segregation of the races in the Little Rock public school system. The case was tried to the court and taken under advisement. A very comprehensive opinion was filed by the trial court incorporating therein findings of fact and conclusions of law as provided for by Rule 52(a), Federal Rules of Civil Procedure, 28 U.S.C.A. In that opinion, the District Court held that a proposed school integration plan had been promulgated by the appellees in good faith, that 'the plan which has been adopted after thorough and conscientious consideration of the many questions involved is a plan that will lead to an effective and gradual adjustment of the problem, and ultimately bring about a school system not based on color distinctions'. (143 F.Supp. 866.) The court held that the adoption of the plan had been prompt and that 'it would be an abuse of discretion for this court to fail to approve the plan or to interfere with its consummation so long as the defendants move in good faith, as they have done since immediately after the decision of May 17, 1954, to inaugurate and make effective a racially nondiscriminatory school system'. The District Court approved the plan but retained jurisdiction of the case '* * * for the entry of such other and further orders as may be necessary to obtain the effectuation of the plan as contemplated and set forth herein'.
 
 
 2
 The school integration plan of the appellees for the integration of the public schools in Little Rock is stated in entirety in the District Court's opinion published in 143 F.Supp. 855, 859-860. It is accordingly unnecessary to give the details of the plan here. In substance, it is a three-phase program of integration. Phase 1 begins at the senior high school level (grades 10-12) and is scheduled to start in the fall of 1957 upon the completion of a new senior high school building. Phase 2 begins at the junior high school level (grades 7-9) and would start following successful integration at the senior high school level (estimated at two to three years). Phase 3 begins at the elementary level (grades 1-6) and would start after successful completion of phases 1 and 2. Complete integration is planned to be effected not later than 1963.
 
 
 3
 In this appeal, all parties recognize the mandate of the Supreme Court in Brown v. Board of Education, 1954, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, as '* * * declaring the fundamental principle that racial discrimination in public education is unconstitutional * * *.' Brown v. Board of Education of Topeka, 1955, 349 U.S. 294, 298, 75 S.Ct. 753, 755, 99 L.Ed. 1083. In that decision the 'separate but equal' doctrine in the field of public education was put to rest. It is on the second and implementing decision of the Supreme Court on this subject that the controversy here centers. Brown v. Board of Education of Topeka, 1955, 349 U.S. 294, 75 S.Ct. 753. The core of the second Brown decision is that, 349 U.S. at page 299, 75 S.Ct. at page 756:
 
 
 4
 'Full implementation of these constitutional principles may require solution of varied local school problems. School authorities have the primary responsibility for elucidating, assessing, and solving these problems; courts will have to consider whether the action of school authorities constitutes good faith implementation of the governing constitutional principles.'
 
 
 5
 What is required is that the local courts, in passing on the plans of school authorities and formulating their decrees, give weight to certain equitable principles and administrative problems, while at the same time requiring a prompt and reasonable start toward full compliance with the original Brown decision declaring segregated schools inherently unconstitutional. The court stated, 349 U.S. at page 300, 75 S.Ct. at page 756:
 
 
 6
 'Once such a start has been made, the courts may find that additional time is necessary to carry out the ruling in an effective manner. The burden rests upon the defendants to establish that such time is necessary in the public interest and is consistent with good faith compliance at the earliest practicable date. To that end, the courts may consider problems related to administration, arising from the physical condition of the school plant, the school transportation system, personnel, revision of school districts and attendance areas into compact units to achieve a system of determining admission to the public schools on a non-racial basis, and revision of local laws and regulations which may be necessary in solving the foregoing problems. They will also consider the adequacy of any plans the defendants may propose to meet these problems and to effectuate a transition to a racially nondiscriminatory school system. During this period of transition, the courts will retain jurisdiction of these cases.'
 
 
 7
 Appellants urge on this appeal that 'there are no valid reasons of an equitable or administrative nature warranting appellees being granted an extension of time beyond September, 1957, either in starting or completing desegregation at the junior high and elementary school levels in the Little Rock School District such as proposed by appellees and approved by the judgment below'.
 
 
 8
 The District Court's approval of the three-phase plan for integration came only after a finding of utmost good faith on the part of the school authorities, which finding is not challenged in these proceedings. The District Court referred to the fact that three days after the Supreme Court's opinion in the first Brown case the school board adopted a statement acknowledging their responsibility to comply and their intention to do so, and directing that a study be made and a plan prepared for the integration of the schools in Little Rock. Such a plan was prepared and approved by the board on May 24, 1955, seven days prior to the decision of the Supreme Court in the second Brown case.
 
 
 9
 During the trial in District Court the superintendent gave convincing and competent testimony to the effect that under existing conditions gradual integration of the schools was administratively advisable. Desirability of gradual as opposed to immediate integration was premised on factors referred to in the second Brown decision. The superintendent's testimony was not contradicted. Appellants offered no testimony excepting only that of the president of the school board, which supported that of the superintendent.
 
 
 10
 Appellants cite to us several cases where Federal Courts have used their injunctive powers to speed up or effectuate integration. Willis v. Walker, D.C.W.D.Ky.1955, 136 F.Supp. 177; Thompson v. County School Board of Arlington County, D.C.E.D.Va.1956, 144 F.Supp. 239; Clemons v. Board of Education, 6 Cir., 1956, 228 F.2d 853, certiorari denied 1956, 350 U.S. 1006, 76 S.Ct. 651, 100 L.Ed. 868; Booker v. State of Tennessee Board of Education, 6 Cir., 1957, 240 F.2d 689. These decisions serve only to demonstrate that local school problems are 'varied' as referred to by the Supreme Court. A reasonable amount of time to effect complete integration in the schools of Little Rock, Arkansas, may be unreasonable in St. Louis, Missouri, or Washington, D.C. The schools of Little Rock have been on a completely segregated basis since their creation in 1870. That fact, plus local problems as to facilities, teacher personnel, the creation of teachable groups, the establishment of the proper curriculum in desegregated schools and at the same time the maintenance of standards of quality in an educational program may make the situation at Little Rock, Arkansas, a problem that is entirely different from that in many other places. It was on the basis of such 'varied' school problems that the Supreme Court in the second Brown decision remanded the cases there involved to the local District Courts to determine whether the school authorities, who possessed the primary responsibility, have acted in good faith, made a prompt and reasonable start, and whether or not additional time was necessary to accomplish complete desegregation. The question of speed was to be decided with reference to existing local conditions. There is here unqualified basis for the District Court's conclusions that the proposed plan constitutes a good-faith, prompt and reasonable start toward full compliance with the Supreme Court's mandate. Accordingly, we cannot say, even if we were so minded, that the District Court's conclusions were entirely erroneous and should be set aside. Nor can we say that a gradual program of integration beginning at the high school level and ultimately encompassing all grades is an unreasonable one. It may well be, in the light of future events, that the proposed program of integration extends over too long a period and that complete integration of all grades could be effected in a shorter space of time than now anticipated by the board. In that regard, it will be noted that the District Court in its order provided for retention of jurisdiction as directed by the Supreme Court in the second Brown decision. It may be that in the future, as the plan of integration begins to operate, a showing could then be made to the effect that more time was being taken than was necessary. Upon such a finding, the District Court would have the power to see that the plan of gradual integration was accelerated at a greater rate than now proposed. That remains for future determination. Having in mind the formula outlined by the Supreme Court and bound, as we are, by Rule 52(a), Federal Rules of Civil Procedure, we hold that in the light of existing circumstances the plan set forth by the Little Rock School Board and approved by the District Court is in present compliance with the law.
 
 
 11
 Jurisdiction of this case shall be retained by the District Court to insure full opportunity for further showing in the event compliance at the 'earliest practicable date' ceases to be the objective. The prayer for a declaratory judgment and injunctive relief was properly denied.
 
 
 12
 Affirmed.