246 F.2d 325
 The SCHOOL BOARD OF the CITY OF NEWPORT NEWS, VIRGINIA, and R. O. Nelson, Division Superintendent of Schools of the City of Newport News, Virginia, Appellants,
v.
Jerome A. ATKINS et al., Appellees.
The SCHOOL BOARD OF the CITY OF NORFOLK, VIRGINIA, and J. J. Brewbaker, Division Superintendent of Schools of the City of Norfolk, Virginia, Appellants,
v.
Leola Pearl BECKETT et al., Appellees.
 No. 7430.
 No. 7438.
 United States Court of Appeals Fourth Circuit.
 Argued June 11, 1957.
 Decided July 13, 1957.
 
 T. Justin Moore, Richmond, Va. (Harry L. Nachman, City Atty., Newport News, Va., Archibald G. Robertson, John W. Riely, T. Justin Moore, Jr., Richmond, Va., on the brief), for appellants in No. 7430. W. R. C. Cocke, Norfolk, Va. (Leonard H. Davis, City Atty., Leigh D. Williams, Norfolk, Va., on the brief), for appellants in No. 7438. J. Lindsay Almond, Jr., Atty. Gen. of Virginia (Henry T. Wickham, Sp. Asst. to Atty. Gen. of Virginia, on the brief), for appellants in both cases.
 Spottswood W. Robinson, III, Oliver W. Hill, Richmond, Va., for appellees in both cases (W. Hale Thompson, Philip S. Walker, Newport News, Va., on the brief for appellees in No. 7430; Victor J. Ashe, J. Hugo Madison, Norfolk, Va., Thurgood Marshall, New York City, on the brief, for appellees in No. 7438).
 Before PARKER, Chief Judge, and SOBELOFF and HAYNSWORTH, Circuit Judges.
 PER CURIAM.
 
 
 1
 These are appeals from injunctive decrees forbidding racial discrimination in the public schools of Norfolk and Newport News, Virginia, and are controlled in all material respects by our decision in the City of Charlottesville and Arlington County cases. School Board of City of Charlottesville, Virginia v. Allen, 4 Cir., 240 F.2d 59, certiorari denied 353 U.S. 910, 77 S.Ct. 667, 1 L.Ed. 2d 664. It is argued that, on the authority of Carson v. Warlick, 4 Cir., 238 F.2d 724, the cases here should be dismissed or proceedings therein be stayed until administrative remedies have been exhausted under the recent Pupil Placement Act, ch. 70, Acts of Assembly of Virginia, Extra Session 1956. As pointed out by the judge below, however, this statute furnishes no adequate remedy to plaintiffs because of the fixed and definite policy of the school authorities with respect to segregation and because of the provisions of chapter 68 of the Acts of the Extra Session, which provide for the closing of schools and withdrawal therefrom of state funds upon any departure from this policy in any school. Orleans Parish School Board v. Bush, 5 Cir., 242 F.2d 156, 162, certiorari denied 77 S.Ct. 1380.
 
 
 2
 It is argued that the court was without jurisdiction of the cases and that only a three-judge court would have had jurisdiction because the constitutional validity of the Pupil Placement Act was involved. This question was not raised, however, in the applications for injunction, which were filed before the passage of that act and which merely sought the protection of constitutional rights in a suit for the hearing of which a court of three judges was not required. Davis v. County School Board of Prince Edward County, D.C., 142 F.Supp. 616. After the passage of the act motion was made to dismiss the cases on the ground that the act provided an administrative remedy which had not been exhausted. The trial judge held, as to this, that the act did not provide an adequate administrative remedy and that it was unconstitutional when considered in connection with other statutes passed at the same time and its manifest purpose. Cf. Yick Wo v. Hopkins, 118 U.S. 356, 373-374, 6 S.Ct. 1064, 30 L.Ed. 220. As no injunction was asked or granted against the enforcement of the act or the officials charged with its enforcement, a case for the constitution of a three-judge court was not presented, even though the constitutionality of an act relied on in the motion to dismiss was involved. 28 U.S.C. § 2281; Bush v. Orleans Parish School Board, D.C., 138 F.Supp. 336; Id., D.C., 138 F.Supp. 337, 341, affirmed 5 Cir., 242 F.2d 156, 164-165, certiorari denied 77 S.Ct. 1380. For like reason, there is no occasion to stay proceedings pending action by the Supreme Court of Appeals of Virginia on a case involving the validity of the act.
 
 
 3
 It should be noted that the decrees appealed from do not require the assignment of children to particular schools nor do they require mixing of races in any school. They merely forbid defendants from refusing to admit plaintiffs to any school solely on account of race or color. The operative language of the decrees is as follows:
 
 
 4
 "1. That the defendants, and each of them, their successors in office, agents, representatives, servants, and employees, be, and they hereby are, restrained and enjoined from refusing, solely on account of race or color, to admit to, or enroll or educate in, any school under their operation, control, direction or supervision, directly or indirectly, any child otherwise qualified for admission to, and enrollment and education in, such school."
 
 
 5
 In construing very similar language used in his decree in the Arlington case, Judge Bryan used the following language which was quoted by us in our opinion on appeal (240 F.2d at page 62):
 
 
 6
 "It must be remembered that the decisions of the Supreme Court of the United States in Brown v. Board of Education, 1954 and 1955, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 and 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, do not compel the mixing of the different races in the public schools. No general reshuffling of the pupils in any school system has been commanded. The order of the Court is simply that no child shall be denied admission to a school on the basis of race or color. Indeed, just so a child is not through any form of compulsion or pressure required to stay in a certain school, or denied transfer to another school, because of his race or color, the school heads may allow the pupil, whether white or Negro, to go to the same school as he would have attended in the absence of the ruling of the Supreme Court. Consequently, compliance with that ruling may well not necessitate such extensive changes in the school system as some anticipate." That language is applicable to the cases before us, as is the closing language of our opinion in that case wherein we said:
 
 
 7
 "The decrees here are not harsh or unreasonable but merely require that the law be observed and discrimination on the ground of race be eliminated. The Arlington decree expressly states that local rules as to assignment to classes, so long as such rules are not based on race or color, are to be observed, and that administrative remedies for admission to schools must be exhausted before application is made to the court for relief on the ground that its injunction is being violated. While the Charlottesville decree does not contain this express provision, the provision is so eminently reasonable that we may safely assume that enforcement of that decree will not proceed upon different principles."
 
 
 8
 Affirmed.