249 F.2d 462
 Eva ALLEN, Ida Allen and Ulysses Allen, infants, by Hal
Edward Allen, their father, and next friend, et
al., Appellants,
v.
COUNTY SCHOOL BOARD OF PRINCE EDWARD COUNTY, VIRGINIA, et
al., Appellees.
 No. 7463.
 United States Court of Appeals Fourth Circuit.
 Argued Oct. 14, 1957.
Decided Nov. 11, 1957.
 
 Oliver W. Hill and Spottswood W. Robinson, III, Richmond, Va. (Thurgood Marshall, New York City, on brief), for appellants.
 T. Justin Moore, Sr., Richmond, Va., and Henry T. Wickham, Sp. Asst. to Atty. Gen., of Virginia (Kenneth C. Patty, Atty. Gen., of Virginia, Hunton, Williams, Gay, Moore & Powell, Archibald G. Robertson, John W. Riely, and T. Justin Moore, Jr., Richmond, Va., on brief), for appellees.
 Before PARKER, Chief Judge, HAYNSWORTH, Circuit Judge, and HARRY E. WATKINS, District Judge.
 PER CURIAM.
 
 
 1
 This action was commenced to enjoin racial segregation in the public schools of Prince Edward County, Virginia, on the ground that provisions of the state constitution and statutory code requiring such segregation were violative of the 14th Amendment to the Constitution of the United States and therefore void. A court of three judges was properly constituted, as required by 28 U.S.C. 2281 and 2284, and judgment was entered denying the relief sought. See Davis v. County School Board of Prince Edward County, D.C., 103 F.Supp. 337. This judgment was reversed by the Supreme Court and the case was remanded for further proceedings. Brown v. Board of Education of Topeka 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873. On the remand the court of three judges entered a decree which vacated and set aside its original decree, declared invalid the constitutional and statutory provisions requiring segregation in the schools, and enjoined and restrained the defendants from refusing on account of race or color to admit to any school under their supervision any child qualified to enter such school 'from and after such time as the defendants may have made the necessary arrangements for admission of children to such shcool on a nondiscriminatory basis with all deliberate speed as required by the decisions of the Supreme Court in this cause'. The court found that it would not be practicable to require that this provision be made effective before the commencement of the school term in September 1955; but the finality and binding force of the order was not otherwise affected. The case was retained on the docket for the entry of further orders which might be necessary in the enforcement of the decree. In July 1956 the court of three judges was dissolved and order was entered that further proceedings in the case be had before a single District Judge. Davis v. County School Board of Prince Edward County, D.C., 142 F.Supp. 616.
 
 
 2
 After the dissolution of the three judge court, the case came on for hearing before the District Judge on a motion of plaintiffs for an order fixing a time limit for compliance with the order theretofore entered, and a motion of defendants that the motions of plaintiff be dismissed for failure to comply with the Pupil Placement Act, ch. 70 of the Acts of Assembly of Virginia, Extra Session 1956. On the hearing of the motions, the question was raised as to whether the court of three judges should be reconvened. The District Judge held that the court of three judges need not be reconvened, declined to pass on the applicability of the Pupil Placement Act, and denied the motion for an order fixing a time limit for compliance with the order theretofore entered because of opposition to the order and racial tension prevailing in the community and the possible closing of the schools under Virginia Statutes, if the order were enforced.
 
 
 3
 The holding of the judge that the three judge court need not be reconvened was unquestionably correct. We have recently held, however, that the Pupil Placement Act provides no adequate administrative remedy. (School Board of City of Newport News, Virginia v. Atkins, 4 Cir., 246 F.2d 325, certiorari denied 78 S.Ct. 83; and we think that the District Judge was in error in not fixing a time limit for compliance with the order theretofore entered in the cause. As pointed out by Judge Joseph C. Hutcheson of Texas in Jackson v. Rawdon, 5 Cir., 235 F.2d 93, 96, plaintiffs were entitled to have the school board 'acting promptly, and completely uninfluenced by private and public opinion as to the desirability of desegregation in the community, proceed with deliberate speed consistent with administration * * *.' We quoted this with approval in School Board of City of Charlottesville v. Allen (County School Board of Arlington County v. Thompson) 4 Cir., 240 F.2d 59, 64, where we said:
 
 
 4
 'It had been two years since the first decision of the Supreme Court in Brown v. Board of Education and, despite repeated demands upon them, the boards of education had taken no steps towards removing the requirement of segregation in the schools which the Supreme Court had held violative of the constitutional rights of the plaintiffs. This was not 'deliberate speed' in complying with the law as laid down by the Supreme Court but was clear manifestation of an attitude of intransigence, which justified the issuance of the injunctions to dispel the misapprehension of school authorities as to their obligations under the law and to bring about their prompt compliance with constitutional requirements as interpreted by the Supreme Court.'
 
 
 5
 In the case at bar the order entered on June 29, 1955, while finding that it was impracticable to place the schools on a nondiscriminatory basis before September 1955, enjoined the defendants 'from refusing on account of race or color to admit to any school under their supervision any child qualified to enter such school, from and after such time as the defendants may have made the necessary arrangements for admission of children to such school on a nondiscriminatory basis with all deliberate speed as required by the decision of the Supreme Court in this cause.' More than a year and a half had elapsed after the entry of this order, the school year of 1955-56 had come and gone, another school year had been entered, and no steps had been taken to comply with the order. The time had unquestionably come to say plainly to the defendants that they must comply without further delay.
 
 
 6
 This does not mean that the defendants should require mixing of white and Negro children in the schools but merely that they should abolish the requirement of discrimination. If the children of the different races should voluntarily attend different schools, this would not be violative of the Constitution or of the court's order, so long as there was no requirement of the school authorities to that effect. Furthermore, it would not be necessary for the requirement as to segregation to be removed at once with respect to all grades in the schools, if a reasonable start were made to that end with 'deliberate speed' considering the problems of proper administration. See order in the Arlington case, approved by this court, 240 F.2d at page 61, also Aaron v. Cooper, 8 Cir., 243 F.2d 361.
 
 
 7
 The fact that the schools might be closed if the order were enforced is no reason for not enforcing it. A person may not be denied enforcement of rights to which he is entitled under the Constitution of the United States because of action taken or threatened in defiance of such rights.
 
 
 8
 The order appealed from will accordingly be reversed and the case will be remanded to the court below with direction to enter an order directing defendants to make a prompt and reasonable start toward complying with the court's order enjoining discrimination on the ground of race or color in admitting children to the schools under their supervision.
 
 
 9
 Reversed and remanded with directions.