Bobby BRUNSON, Elizabeth Brunson and Ellis Brunson, by McQueen Brunson, their father and next friend, et al., Plaintiffs,

v.

BOARD OF TRUSTEES OF SCHOOL DISTRICT NO. 1 OF CLARENDON COUNTY, SOUTH CAROLINA; L. B. McCord, County Superintendent of Education; C. E. Buttes, District Superintendent of Education; W. C. Sprott, Chairman, Board of Trustees; C. N. Plowden, W. A. Brunson, J. W. Sconyers and L. Richardson, Members of the Board of Trustees, Defendants.

Civ. A. No. 7210.

United States District Court
E. D. South Carolina,
Charleston Division.

May 30, 1962.

F. Henderson Moore of Moore, Brown & Cooke, Charleston, S. C., Lincoln C. Jenkins, Jr., Matthew J. Perry, Columbia, S. C., Thurgood Marshall, Jack Greenberg, New York City, for plaintiffs.

David W. Robinson, Columbia, S. C., for defendants.

WYCHE, Chief Judge.

This cause is before me on the defendants' motion to dismiss upon the ground that the complaint fails to allege a class action and on their alternate motion to strike from the complaint all of the parties-plaintiff other than the first named plaintiff and all of the allegations which are unrelated to the first plaintiff's cause of action upon the ground that no class action is alleged.

These motions require an analysis of the complaint to ascertain whether these allegations in the light of applicable law allege a proper class action under Rule 23(a) (3), 28 U.S.C.A.

The complaint is brought in behalf of a large number of Negro school children by their respective parents against the Trustees of School District No. 1 of Clarendon County, the Clarendon County Superintendent of Education, and the District Superintendent of Education. The complaint alleges that it is a class action under Rule 23(a) (3) brought to protect rights under the 14th Amendment to the Constitution of the United States and under the Civil Rights Statute, 42 U.S.C.A. § 1981. They allege that the defendants are operating a bi-racial school system in School District No. 1 of Clarendon County; that the plaintiffs are being denied admission to certain schools solely on account of race; and that the plaintiffs have not exhausted the administrative remedy provided by the South Carolina school laws because that remedy is inadequate. The complaint also alleges that some of the plaintiffs are the same parties who were parties in Briggs v. Elliott, D.C., 98 F.Supp. 529, D.C., 103 F.Supp. 920, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, D.

C., 132 F.Supp. 776, which action is still pending in this Court before a Three-Judge Court. In effect, the complaint is brought for the purpose of securing the admission of each of the plaintiffs to one of the several white schools being operated by the defendants in School District No. 1.

Rule 23 of the Rules of Civil Procedure of this Court provides in pertinent part: "*Class Actions* (a) *Representation.* If persons constituting a class are so numerous as to make it impracticable to bring them all before the court, such of them, one or more, as will fairly insure the adequate representation of all may, on behalf of all, sue or be sued, when the character of the right sought to be enforced for or against the class is * * * (3) several, and there is a common question of law or fact affecting the several rights and a common relief is sought."

Moore, in his Federal Practice (2nd Edition), Vol. 3, page 3442, designates the class of action referred to in Rule 23 (a) (3) as "spurious class suits". Spurious as here used does not mean that such a suit may not be maintained as a class action but it does mean that this group does not fall within the traditional class action. Each plaintiff has a "several" cause of action. Joinder is permitted merely because there is a "common question of law or fact". There is a similarity between this type of class and the practice of consolidating for trial two independent suits where there is a similar legal or factual situation. For instance, tort actions on behalf of two occupants of an automobile injured in a single collision with a truck are frequently tried together though neither plaintiff has any legal interest on the damage to the other.

The inquiry here is to determine whether there is a "common question of law or fact" justifying the use of the class procedure of Rule 23(a) (3). Turning first to the question of whether there is present in this case any unresolved common question of law, I should look to the controlling decisions to ascertain whether

there is now any unresolved question of law.

In Briggs v. Elliott, D.C., 132 F.Supp. 776, 777 (1955), the Three-Judge District Court in interpreting the Supreme Court decision in 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083, had this to say about the legal issue: "Having said this, it is important that we point out exactly what the Supreme Court has decided and what it has not decided in this case. It has not decided that the federal courts are to take over or regulate the public schools of the states. It has not decided that the states must mix persons of different races in the schools or must require them to attend schools or must deprive them of the right of choosing the schools they attend. *What it has decided, and all that it has decided, is that a state may not deny to any person on account of race the right to attend any school that it maintains. This, under the decision of the Supreme Court, the state may not do directly or indirectly; but if the schools which it maintains are open to children of all races, no violation of the Constitution is involved even though the children of different races voluntarily attend different schools, as they attend different churches. Nothing in the Constitution or in the decision of the Supreme Court takes away from the people freedom to choose the schools they attend. The Constitution, in other words, does not require integration. It merely forbids discrimination. It does not forbid such segregation as occurs as the result of voluntary action. It merely forbids the use of governmental power to enforce segregation. The Fourteenth Amendment is a limitation upon the exercise of power by the state or state agencies, not a limitation upon the freedom of individuals."* (Emphasis added)

██ This interpretation of the Supreme Court decision has been followed consistently in the Fourth Circuit. School Board of City of Charlottesville, Va. v. Allen, (C.A.4) 240 F.2d 59, 62 (1956); School Board of City of Newport News, Va. v. Atkins, (C.A.4) 246 F. 2d 325, 327 (1957). These decisions make is clear that any common question of law has been settled. The defendants may not deny to any plaintiff on account of race the right to attend any school which it maintains. That law has been established not only in the controlling decisions of the Fourth Circuit but also in an action involving this very school district to which several of the plaintiffs here were parties and in which the School Board was a defendant. Briggs v. Elliott, D.C., 132 F.Supp. 776, 777.

There being no unresolved common question of law, I shall next consider whether there is a common question of fact. In determining the school to which a pupil is entitled to go, a School Board must consider a great many factors unrelated to race, such as geography, availability of bus transportation, availability of classroom space, and scholastic attainment in order to perform the Board's duty to promote the best interests of education within the district and insofar as possible place the child in the school where he has the best chance to improve his education. "School authorities have the primary responsibility for elucidating, assessing, and solving these problems." Briggs v. Elliott, 349 U.S. 294, 75 S.Ct. 753, 99 L.Ed. 1083. There is no allegation in the complaint showing that the factual situation with reference to each of the plaintiffs is the same. Undoubtedly the plaintiffs reside in different places, they are of different ages, they are of different scholastic attainment. South Carolina has provided a pupil placement statute which permits any child desiring to attend a school other than the one to which he has been assigned to proceed through administrative channels to obtain placement in a different school of his choice. This statute provides that the case of each child shall be considered individually. 1952 Code, Sections 21–230, 21–247; Hood v. Board, 4 Cir., 232 F.2d 626, 4 Cir., 286 F.2d 236. This statute is similar to the North Carolina statute, the

validity of which was sustained in Carson v. Board of Education of McDowell County, 4 Cir., 227 F.2d 789 (1955), and in Carson v. Warlick, 4 Cir., 238 F.2d 724 (1956).

It is the individual who is entitled to the equal protection of the law and if he is denied a facility which under the same circumstances is furnished to another citizen, he alone may complain that his constitutional privilege has been invaded. He has the right to enforce his constitutional privilege or he has the right to waive it. No one else can make that decision for him. McCabe v. Atchison, T. & S. F. Ry. Co., 235 U.S. 151, 35 S.Ct. 69, 59 L.Ed. 169; Williams v. Kansas City, Mo., D.C., 104 F.Supp. 848, 8 Cir., 205 F.2d 47, c. d. 346 U.S. 826, 74 S.Ct. 45, 98 L.Ed. 351. Cf. International Ass'n Machinists v. Street, 367 U.S. 740, 774, 81 S.Ct. 1784, 6 L.Ed.2d 1141 (1961).

Therefore, it is my conclusion that this action is not properly brought as a class action under Rule 23(a) (3).

I have not found and the parties have not called to my attention any precedent dealing with the disposition of a complaint brought as a class action where a cause of action may exist in favor of an individual plaintiff. The defendants have moved to dismiss or, in the alternative, to strike all of the parties-plaintiff except the first plaintiff allowing the case to continue as an individual action in behalf of that plaintiff. In my view the latter is the appropriate relief.

It is, therefore, ORDERED AND ADJUDGED, (1) That the names of all the plaintiffs other than Bobby Brunson are hereby striken from the caption of the complaint and all of the allegations inappropriate to a personal action by Bobby Brunson are striken from the complaint; (2) That the plaintiff Bobby Brunson shall have twenty days from the filing of this order in which to file an amended complaint consistent with the provisions of this order. The defendants shall have twenty days in which to plead to such an amended complaint.