22724

COUNTY OF CHARLESTON, A Body Politic, Appellant v. NATIONAL ADVERTISING COMPANY, a Corporation, and Harvey M. McCormick, Respondents.

(357 S. E. (2d) 9)

Supreme Court

*A. Arthur Rosenblum,* Charleston, *for appellant.*

*E. Bart Daniels* and *Gedney M. Howe, III,* Charleston, *for respondents.*

Heard April 20, 1987.

Decided May 26, 1987.

GREGORY, Justice:

Appellant Charleston County commenced this action to compel respondents to remove a billboard allegedly constructed in violation of a County zoning ordinance. The master-in-equity dismissed the complaint. We affirm.

The facts are undisputed. The County zoning ordinance regulates the distance a billboard may be erected from an already existing sign. Respondents' property is in an unincorporated area of the County but borders on the city limits of the Town of Mt. Pleasant. Upon advice of the Deputy County Attorney, respondents contacted Carl Simmons, the County Building Inspector and Zoning Regulator, to inquire whether the ordinance required a certain distance from signs located within the limits of the town of Mt. Pleasant. Simmons advised respondents that the ordinance required a certain distance be maintained only from other signs within an unincorporated part of the County. The County does not dispute that this interpretation accords with its policy in the past. Simmons issued respondents a building permit for their proposed billboard. Respondents spent $36,000 erecting the billboard.

After the billboard was erected, the County commenced this action contending that it had erroneously issued the permits and seeking removal of the billboard. Respondents contested the action on the ground of estoppel.

The acts of a government agent that are within the proper scope of his authority may give rise to estoppel against a municipality. *Landing Development Corp. v. City of Myrtle Beach*, 285 S. C. 216, 329 S. E. (2d) 423 (1985); *Kerr v. City of Columbia*, 232 S. C. 405, 102 S. E. (2d) 364 (1958). This Court has specifically held that a city is estopped to repudiate an interpretation of a zoning ordinance made by its zoning director. *Landing Development Corp., supra.* The interpretation given by Simmons was clearly within the scope of his authority since he is the Building Inspector and is designated in the ordinance as the official charged with its enforcement. The master correctly ruled that the County was estopped in this case from revoking respondents' permit.

Accordingly, the judgment of the lower court is

Affirmed.

NESS, C. J., HARWELL and FINNEY, JJ., and LITTLEJOHN, Acting Associate J., concur.