23731

Linda R. WEAVER, Respondent v. SOUTH CAROLINA COASTAL COUNCIL, Appellant.

(423 S.E. (2d) 340)

Supreme Court

*C.C. Harness, III,* of *South Carolina Coastal Council,* Charleston, *for appellant.*

*Thomas D. Wise* and *Robert B. Ransom,* both of *Wise and Cole,* Charleston, *for respondent.*

Heard Nov. 29, 1991; Decided Oct. 26, 1992.

Reh. Den. Dec. 8, 1992.

FINNEY, Justice:

Appellant South Carolina Coastal Council (Council) appeals the order of the circuit court which directed appellant to issue a permit to Respondent Linda R. Weaver for construction of a private recreational dock encroaching upon the Folly River. We affirm.

Council was created under the South Carolina Coastal Tidelands and Wetlands Act, commonly referred to as The Coastal Zone Management Act, S.C. Code Ann. § 48-39-10, *et seq.,* (1987) (the Act), for the purpose of administering the Act. In

November of 1988, respondent applied to Council for a permit to construct a 600-foot walkway extending from her undeveloped lot at 310 East Indian Avenue on Folly Beach to a fixed pierhead and floating dock resting in the Folly River in Charleston County. The proposed construction was sited in a region designated by the Act as a "critical area" defined as any of the following: (1) coastal waters, (2) tidelands, (3) beaches, and (4) primary oceanfront sand dunes. S.C. Code Ann. § 48-39-10(J).

Section 48-39-130(A) restricts utilization of critical areas to the use which such areas was devoted on July 1, 1977, unless Council grants a permit to alter its use. Council had granted individual permits to Harris L. Crowley in 1987, and to Anna Cope and Henry Beckmann, III, in 1988 for construction of similar docks within the critical area from lots adjacent to the Weaver property.

Weaver's application was considered by Council's Permitting Committee (Committee). When the South Carolina Wildlife and Marine Resources Department (Department) discovered that the proposed dock would be located in the Folly River Public Oyster Ground (POG), it recommended that the permit be denied because of its presumed detrimental impact on the POG's maintenance and environment.

Under Section 50-17-370, the Department is charged with the duty of managing areas where state residents may harvest oysters. The Folly River POG is restocked annually by mechanically spraying seed oysters from a barge onto the intertidal river bank. The Department asserted that due to the lack of maneuverability of seeding barges, the existence of pierheads in the POG would hinder its ability to maintain the area. As a further impediment, the Department envisioned environmental damage by oil and gas emitted from boats using the dock.

By notice dated March 21, 1989, the Committee advised respondent that her permit had been denied based upon the "findings, policies, and criteria of the Coastal Zone Management Act, the Coastal Zone Management Program, the Rules and Regulations for Permitting in the Critical Areas of the Coastal Zone, and the individual merits of the application."

On March 28, 1989, respondent filed notice of intent to appeal the Committee's ruling to the full Council upon grounds submitted April 11, 1989, alleging that the decision, in summary,

1. denied respondent equal protection of the law by failing to treat her application as the application of others similarly situated; U.S. Const. amend. XIV, S.C. Const. art. I, § 3;
2. violated S.C. Code Ann. § 48-39-150(C) (1987) and 23A S.C. Code Ann. Regs. 30-4(C) (1976), which require Council action on minor developments within thirty days;
3. denied respondent due process of law, in that it deprived her of a valuable property right without just compensation; U.S. Const. amend. V, S.C. Const. art. I, § 3; and
4. violated 23A S.C. Code Regs. 30-1(2), which requires consistency by the Council in permit evaluations.

On May 24, 1989, Council referred the matter to a hearing officer with instructions to "conduct a hearing, take testimony, issue subpoenas, produce a transcript, certify the record, and file [a] report with leave to report special matters." The hearing officer held an evidentiary hearing on August 30, 1989, and submitted her report to Council on November 27, 1989, recommending that a permit be granted to the respondent.

On December 15, 1989, the full Council held a hearing at which both parties presented oral arguments. By a vote of eleven to three, Council upheld the Committee's decision denying respondent's permit. In its Final Administrative Order dated January 19, 1990, Council found that

1. the three permits granted to Crowley, Cope and Beckmann were issued in error in that due consideration was not given to the existence of the POG and the impact the docks would have thereon; and
2. Council acted in a consistent manner in evaluating permit applications under the circumstances by taking action for removal of the three docks permitted in error.

The Final Administrative Order set forth the following conclusions of law as the basis for denial of respondent's permit:

1. Respondent's proposed dock would interfere with public access and use of the POG and prevent proper management thereof.
2. There is no right, under a theory of equal protection, when individuals have obtained relief based upon inadvertent error, that other individuals would be likewise entitled to such relief.

3. That denial of respondent's permit was a valid exercise of police power not automatically requiring compensation of a private property owner; U.S. Const. amend. V, S.C. Const. art. I, § 3.

4. That respondent is not entitled to a permit due to Council's failure to act upon her application within the prescribed thirty-day period because (1) neither Section 48-39-150(C) nor Regulation 30-4(C) contain a provision for sanctions or remedies for failure to act within the statutory period; (2) negotiations were ongoing between Council and the Department seeking a resolution of problems attending the permit; and (3) respondent did not raise this issue at the hearing or during oral arguments.

Council concluded that the Committee acted properly in denying respondent a permit, and ruled that the hearing officer was without authority to present conclusions of law.

Respondent petitioned the Court of Common Pleas for Charleston County for judicial review of Council's decision, pursuant to the South Carolina Administrative Procedures Act, S.C. Code Ann. § 1-23-310, *et seq.*, (1986), upon the following grounds:

1. Denial of equal protection of the law; U.S. Const. amend. XIV, S.C. Const. art. I, § 3;

2. Deprivation of due process of law; U.S. Const. amend. V, S.C. Const. art. I, § 3, and S.C. Code Ann. § 48-39-30(C);

3. Inconsistent evaluation of permit applications; 23A S.C. Code Regs. 30-1(2);

4. Failure to base findings of fact exclusively on the evidence and matters officially noticed; S.C. Code Ann. § 1-23-320(i);

5. Violation of 23A S.C. Code Ann. Regs. 30-6(G), which requires that all evidence and the complete record of appeal be compiled by the hearing officer;

6. Failure to support its findings of fact with a concise and explicit statement of the underlying facts upon which such findings are based; S.C. Code Ann. § 1-23-350; and

7. Failure of the Final Administrative Order to contain appropriate findings of fact; S.C. Code Ann. § 1-23-320(i) and § 1-23-35

The circuit court heard the matter on July 25, 1990, and in its subsequent order, reversed Council and directed that a permit be issued to the respondent. The circuit judge determined the standard of review to be governed by Section 1-23-380(g)(5) which requires that agency findings supported by evidence be upheld. Citing *Port Oil Co. v. Allen*, 286 S.C. 286, 332 S.E. (2d) 787 (Ct. App. 1985), the circuit judge noted that reasonable minds could not conclude, based upon the record as a whole, that respondent's dock would create an unavoidable environmental hazard. He referred to the fact that the record contained letters from the Department and the South Carolina Department of Health and Environmental Control; each stating that those agencies had no objection to the issuance of permits to Crowley, Cope and Beckmann for lots adjacent to respondent's property and similar letters for respondent's lot, as well as testimony from one of Council's witnesses that respondent's dock could create only the "potential" for adverse environmental effect upon the POG.

The circuit court noted that the hearing officer's record was devoid of evidentiary support for the agency finding that Council took action for removal of the Crowley, Cope and Beckmann docks and that such finding was, in fact, contrary to the record which reflected colloquy between the attorney for the Council and the hearing officer wherein Council's attorney stated that no action had been taken with regard to the three docks.

As to respondent's due process argument, the circuit judge found that the only manner in which the three permitted docks differed from respondent's proposed docks was that respondent's application was considered after Council discovered the area encompassed a POG. The circuit judge concluded that respondent had been denied a benefit furnished to others under circumstances similar to hers. *See Zobel v. Williams*, 457 U.S. 55, 102 S.Ct. 2309, 72 L.Ed. (2d) 672 (1982); *Brown v. Jensen*, 572 F. Supp. 193 (D. Col. 1983); and *Brunson v. Bd. of Trustees of School Dist. No. 1*, 30 F.R.D. 369 (D.S.C. 1962). Under the holding of *County of Charleston v. Nat'l Advertising Co.*, 292 S.C. 416, 357 S.E. (2d) 9 (1987), the court reasoned that the adverse consequences of Council's error in granting permits to Crowley, Cope and Beckmann should be borne by Council rather than the respondent.

The circuit court found that denial of respondent's permit

amounted to a violation of her equal protection and due process rights under the federal and state constitutions and that Council's decision was based upon matters not properly before the agency.

Council appealed on grounds that, *inter alia*, the circuit court erred in:

1. Holding that the substantial evidence on the whole record did not support the Council's finding that the adverse environmental impact from the project cannot be avoided by reasonable safeguards;

2. Limiting the administrative record regarding the Crowley, Cope and Beckmann permits to the hearing officer's report; and

3. Finding that Council violated the equal protection and due process provisions of the federal and state constitutions in denying respondent's permit.

A reviewing court may reverse the decision of an administrative agency if substantial rights of the appellant have been prejudiced because the agency's findings, inferences, conclusions or decisions (1) violate constitutional or statutory provisions, (2) exceed the statutory authority of the agency, (3) are based upon unlawful procedure, (4) are affected by other error of law, (5) are clearly erroneous in light of the reliable, probative and substantial evidence on the entire record, or (6) are either arbitrary, capricious, or reflect abuse of discretion or the obvious unwarranted exercise of discretion. S.C. Code Ann. § 1-23-380. Substantial evidence "is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the administrative agency reached." *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 135, 276 S.E. (2d) 304, 306 (1981).

23A S.C. Code Ann. Regulation 30-6 provides that the evidence and record on appeal for consideration by the agency shall be compiled by the hearing officer. Next, Section 1-23-320(i) requires that administrative findings of fact be based exclusively on the evidence and matters officially noticed.

Appellant contends it is empowered to consider information available to it pursuant to its own knowledge, judicial notice and the law. The Final Administrative Order reflects that in reaching its decision to deny respon-

dent's permit, Council improperly considered remedial action initiated for removal of the Crowley, Cope and Beckman docks; information outside the record submitted by the hearing officer.

Despite such remedial action, respondent asserts before this Court that since entry of the Final Administrative Order on August 15, 1990, Council has not revoked the permits issued to Crowley, Cope and Beckmann. Notwithstanding contentions of the parties, judicial prudence dictates and our statute mandates that the record reflect accurately evidence which forms the basis of decisions independent of any consideration to contemplated remedial action, the result thereof, or the occurrence of any other future event. This requirement aborts the potential for continuing controversy spawned by litigation of this nature.

The record reflects, when viewed as a whole and in the proper posture, that there is substantial evidence that the circumstances surrounding the application of the respondent and the other three individuals granted permits are similar, and that the existence of respondent's dock would create no effect distinguishable from that occasioned by the other three existing docks. While the three permits issued during the period immediately preceding respondent's application may have been granted in error, absent a showing in the record that Council had taken appropriate remedial action and given due notice thereof, the respondent was entitled to be treated in the same manner as other applicants. We conclude that Council violated the equal protection and due process provisions of the state and federal constitutions in treating the respondent in a manner different from Beckmann, Cope and Crowley, thereby denying her a benefit granted to others similarly situated.

In view of our disposition of these issues, we do not find it necessary to address appellant's remaining exceptions. Accordingly, the ruling of the circuit court is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.