**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

South Carolina Department of Health and Environmental Control, Petitioner,

v.

Philip Przyborowski, Respondent.

Appellate Case No. 2010-168006

ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

Appeal From Administrative Law Court
Ralph Anderson III, Administrative Law Court Judge

Memorandum Opinion No. 2012-MO-039
Heard September 19, 2012 – Filed October 10, 2012

**AFFIRMED AS MODIFIED**

Bradley David Churdar of Charleston, and William Marshall Taylor, Jr. of Columbia, for Petitioner.

Christopher M. Holmes of Mt. Pleasant, for Respondent.

**PER CURIAM:** The court of appeals affirmed as modified an order of the Administrative Law Court dismissing an Administrative Enforcement Order issued by the South Carolina Department of Health and Environmental Control to Philip Przyborowski. DHEC argues on appeal the court of appeals erred in finding the Administrative Enforcement Order was arbitrary because that issue was never argued to or ruled upon by the ALC and furthermore contends there is no evidence to support the finding. We affirm the court of appeals as modified pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. Arbitrary: *I'On v. Town of Mount Pleasant*, 338 S.C. 406, 420, 526 S.E.2d 716, 723 (2000) ("[A] respondent may abandon an additional sustaining ground . . . by failing to raise it in the appellate brief."); *see also State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 694 (2003) ("No point will be considered which is not set forth in the statement of issues on appeal."); Rule 208(b)(1)(B) & (b)(2), SCACR (providing that no issue will be considered which is not set forth in the statement of issues on appeal).

2. Equal Protection: *Weaver v. S.C. Coastal Council*, 309 S.C. 368, 423 S.E.2d 340 (1992) (finding an equal protection violation where a dock permit was granted for two docks over a public oyster ground, but the respondent's dock permit was denied on the basis that it would extend over the public oyster ground); *see also Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that a party establishes an equal protection violation where he shows that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment"); *TNS Mills, Inc. v. S.C. Dep't of Revenue*, 331 S.C. 611, 626-27, 503 S.E.2d 471, 479 (1998) ("In order to establish an equal protection violation, a party must show that similarly situated persons received disparate treatment."); S.C. Code Ann. § 1-23-380(5)(a) (Supp. 2011) (providing that a court may reverse the decision of an administrative agency where the decision is "in violation of constitutional or statutory provisions"); S.C. Code Ann. § 1-23-610(B)(e) (Supp. 2011) (providing that ALC decisions may be reversed for factual errors only where the decision is "clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record").

**AFFIRMED AS MODIFIED.**

**TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.**